MANION BLACKSMITH & WRECKING COMPANY, v. E. E. CARRERAS, Appellant.

St. Louis Court of Appeals, October 27, 1885.

EVIDENCE—BOOKS.—Entries from the private books of the opposite party are inadmissible, if objected to, unless it be shown that the objecting party had made them, authorized their making, or assented to their correctness.

APPEAL from the St. Louis Circuit Court, LUBKE, Judge.

*Reversed.*

EDMOND A. B. GARESCHE, for the appellant: The proposition and acceptance completed the contract between the parties. *Noyes v. Phœnix Life Ins. Co.*, 1 Mo. App. 588; 1 Parsons on Contracts, 511. To constitute a binding contract, the legal assent of the parties is absolutely indispensable, and there are three requisites to such an assent; it should be mutual, it should be without restraint, and it should be understandingly made. *Suydam v. Clark*, 2 Sandf. 133; *Jenness v. Mount Hope Iron Co.*, 53 Me. 20–23; *Hartford & N. H. R. R. Co. v. Jackson*, 24 Conn. 514. And a proposal by one party, which is not accepted or assented to by the other, is not binding upon either. *Lungstrass v. German Ins. Co.*, 48 Mo. 201; *Stitt v. Huidekopers*, 17 Wall. 384 (84 U. S., 21 Law Ed. 644); *Chicago & G. E. R. R. Co. v. Dane*, 43 N. Y. 240; *Crocker v. New London, W. & P. E. R. R. Co.*, 24 Conn. 261.

A. J. P. GARESCHE, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This is the defendant's appeal from the judgment rendered in the same case, which was before us on the plain-

tiff's writ of error, in the cause (*post*, 535),    The action is for a balance due upon an open account, for a steam engine and furnishings supplied by the defendant to the plaintiff. The only question in issue was whether the defendant was to pay the plaintiff for the things furnished, the sum of $399.50, in addition to a steam engine of the defendant, which the plaintiff was to take in part payment at a valuation of one hundred and fifty dollars ; or whether he was to pay $399.50, less one hundred and fifty dollars, the agreed value of the defendant's engine, which the plaintiff was to take in part payment.    The question was merely a question of fact, namely : as to what was the agreement upon which the minds of the parties had met.    It appeared that they had had some negotiation touching the matter, after which the plaintiff had entered the items on its order book, together with the prices at which it would furnish them, and it directed its book-keeper to send a written proposition to the defendant transcribed from the order book.    This the book-keeper attempted to do, couching it in the following language :

"P. P. Manion Blacksmith and Wrecking Co., Corner
    "North Levee and Morgan St.,
                        "St. Louis, Sept. 7th, 1880.
    "Mr. E. E. Carreras,
        "Cor. Locust and Second Sts.,
                        "St. Louis.

"DEAR SIR :   I propose to furnish you" (naming the articles, how to be delivered, etc., and adding ): "your engine, now at Anthony Hack's, to be taken by me at the agreed price of one hundred and fifty dollars, as partial payment for the sum of three hundred and ninety-nine dollars and fifty cents ($399$\frac{50}{100}$).   Soliciting your favors, I remain,
                "Very truly Yours,
                    "P. P. MANION,
                            "D."

The defendant's testimony tended to show that he

accepted this proposal orally and that it embodied the only agreement between the parties. The plaintiff's testimony tended to show that the real agreement between the parties had been orally made and settled upon, prior to the sending of this proposal and that the items and prices had been dictated by Mr. Manion to the plaintiff's book-keeper, and entered by the latter on the plaintiff's order book, and that the obscurity in this written proposition, or, perhaps, the discrepancy between it and the real agreement of the parties, arose through the unskilfulness or mistake of the plaintiff's book-keeper in writing the letter.

We regret to have to reverse the judgment in such a case because of a very palpable error in allowing the plaintiff to read to the jury the entries upon the order book, without showing that the defendant had ever consented to them or even seen them. The only foundation which was attempted to be laid for the admission of this evidence, is found in the following statement made by Mr. Manion when testifying for the plaintiff: "I think, however, that Mr. Carreras saw the order book some time after, but before the proposition was sent to him." This statement is not of that definite character which is necessary to show the assent of the defendant to the memorandum in the order book as embodying the contract between him and the plaintiff, and there is no principle on which the defendant, in the absence of such assent, could be bound by any entries which the plaintiff may have chosen to make in its private books.

As this evidence was of a nature prejudicial to the defendant, we must, for this error, reverse the judgment and remand the cause. It is so ordered. All the judges concur.