26  229
148m 16

MANION BLACKSMITH & WRECKING COMPANY, Appellant, v. EVERETT E. CARRERAS, Respondent.

St. Louis Court of Appeals, May 17, 1887.

1. PRACTICE, APPELLATE—CONFLICTING EVIDENCE.—The evidence being conflicting and irreconcilable, each side being supported by substantial evidence, appellate courts will not vacate a verdict because the circumstances surrounding the transaction render the opposing testimony more probable.

2. ACCOUNT STATED—REQUISITES OF.—To charge a defendant, as upon an account stated, by his receipt of, and payment on, a bill, rendered without objection, it must be shown that the bill was unambiguous, and clearly indicated the nature and extent of the plaintiff's demand.

APPEAL from the St. Louis Circuit Court, DANIEL DILLON, Judge.

*Affirmed.*

ALEX. J. P. GARESCHÉ, for the appellant: The account stated having been proved, the plaintiff should have recovered. *Carroll v. Paul*, 16 Mo. 226; *Pickel v. Chamber of Commerce*, 10 Mo. App. 195; s. c., 80 Mo. 66.

EDMOND A. B. GARESCHÉ, for the respondent: The plaintiff's petition is framed upon the theory of its right to recover in *indebitatus assumpsit*, and not as upon an account stated. *Manion Blacksmith & Wrecking Co. v. Carreras*, 19 Mo. App. 162; *Brown v. Kimmel*, 67 Mo. 432; *Kent v. Highleyman*, 17 Mo. App. 10; *Railroad v. Kimmel*, 58 Mo. 85. A person will not be permitted to try a case upon one theory below, and then invoke another on appeal. The appellant must stand or fall on the theory upon which it chose to fight below. *Whetstone v. Shaw*, 70 Mo. 575; *Walker v. Owens*, 79 Mo. 568.

THOMPSON, J., delivered the opinion of the court.

This case was before this court on a former appeal, and is reported in 19 Mo. App. 162. The evidence on the trial, from which this appeal is taken, was substantially the same as that recited in the opinion of the court on the former appeal, with the exception that the plaintiff introduced distinct evidence to the effect that the defendant saw the entries in the plaintiff's order book, prior to receiving the proposition which is there recited. Notwithstanding this evidence, the jury returned a verdict for the defendant.

As stated in our opinion on the former appeal, the whole controversy was one of fact, namely, as to what was the agreement upon which the minds of the parties had met: whether it was an agreement that the defendant should pay the plaintiff, for the engine and other things furnished, and work done, the amount stated on the plaintiff's order book, or whether he should pay him the amount stated in his written proposition, which was delivered and accepted, prior to the furnishing of the engine and other materials, and doing the work. The evidence is conflicting. If the evidence was, as shown by the plaintiff and its witness, Mr. Demain, who was the plaintiff's secretary, then the agreement was to pay the amount for which the plaintiff sues, after giving the defendant credit in the sum of one hundred and fifty dollars for his old engine, which the plaintiff agreed to take in part payment. If the agreement was that embodied in the plaintiff's written proposition to the defendant, then the defendant was to pay the sum of $399.50, one hundred and fifty dollars of which was to be paid in his old engine. It is admitted that he has paid this amount, and that, if his theory of the facts be true, he owes the plaintiff only the sum of $43.25, with interest, for which, and no more, the jury gave him a verdict on the trial from which this appeal is taken. *Prima facie*, the state of facts, as shown by the de-

fendant's evidence, is correct. It is not questioned that the negotiations, between the plaintiff and the defendant, culminated in the plaintiff's sending to the defendant a proposition containing the following language: "I propose to furnish you" (naming the articles, how to be delivered, etc., and adding:) "Your engine, now at Anthony Hack's, to be taken by me at the agreed price of one hundred and fifty dollars, as partial payment for the sum of three hundred and ninety-nine and fifty-hundredths dollars ($399.50")". But the plaintiff's testimony tends to show that, after the parties had agreed upon the contract, as set out in the plaintiff's petition, the items of which were entered upon the plaintiff's order book, and after the defendant had seen these items in the plaintiff's office, the plaintiff's president, Mr. Manion, dictated to its secretary, Mr. Demain, the proposition containing the language above set out, which proposition was delivered by the plaintiff to the defendant, after which the articles were furnished and the work was done; and that the proposition was drawn as it was through the *mistake* of Mr. Demain. If this was true—if the minds of the parties had really met upon the agreement stated in the petition and entered upon the plaintiff's order book, and if the proposition, which was finally drawn, was, by mistake, inadvertently worded, so as to imply that the amount to be paid was $399.50, *before* deducting the one hundred and fifty dollars for the engine to be taken in part payment, instead of *after* deducting it—then the proposition involved a mistake on the plaintiff's part known to the defendant, and it is a fraud, on the part of the defendant, to claim the right to perform the contract as thus erroneously reduced to writing.

But the defendant's testimony was clearly to the effect that the written proposition, above quoted, embodied the contract which was really made; that he never saw the entries in the plaintiff's order book until the date of the last trial, and never assented to the con-

tract according to the terms of those entries.    Here, then, was a question which was peculiarly within the province of the jury.    They could not believe both the plaintiff's witnesses and the defendant's.    They chose to take the view that the written proposition embodied the terms of the agreement which was actually made, supported, as it was, by the defendant's testimony.    Whatever we might think on the matter, their verdict must be held conclusive, unless some supervening error was committed on the trial before the submission of the question to them.

Was there any such error?    The stress of the appellant's argument is, that the petition is framed with a view to a recovery upon an *account stated*, and that the court declined to recognize this ground of recovery, but ruled that the written offer must prevail.    This ruling was embodied in the following instruction, given at the request of the defendant:

"The court instructs the jury that, if they believe, from the evidence, that the plaintiff submitted to the defendant the proposition in writing, in evidence in this case, and the defendant thereafter accepted said proposition, and the plaintiff thereunder proceeded to do, and thereafter completed, the work therein referred to, exclusive of extras, then the plaintiff is not entitled to recover more than the amount charged for the extras, amounting to $43.25, with interest thereon at the rate of six per cent. per annum from the date at which the jury believe, from the evidence, the said amount was demanded of the defendant; and you will so find."    "To which," as the bill of exceptions further recites, "the plaintiff objected, unless it was accompanied by a proviso that, if the account sued on was rendered by the plaintiff's president to the defendant, that the defendant kept it, asked that time be allowed to him, and that he (the defendant) would pay it, and that his (the defendant's) wish in this respect was granted and fulfilled, then the plaintiff is entitled to

recover the amount of the same, unless fraud or mistake has been established in respect to it."

The court refused to annex the proviso to the instruction thus requested, but gave it as asked, and the plaintiff excepted.

Waiving the question whether the petition is aptly drawn for a recovery upon an account stated, we are of opinion that there was no substantial evidence to take the case to the jury, upon this hypothesis. Assuming that the plaintiff's evidence tended to show that he had presented his account to the defendant, substantially as he has embodied it in his petition, and that the defendant retained it, and made three payments upon it before he made any objection to it, yet this does not, in our judgment, tend to show an assent, by the defendant, to the terms of the account, as the plaintiff claims it to be. The account, embodied in the petition, was drawn so as to show that it was a part of the agreement that the plaintiff was to take the defendant's engine, but, whether in reduction of the account as made out, or whether the account, as made out, expressed the amount claimed, after giving the defendant credit for the engine, the account does not clearly indicate. So far as it speaks upon this question, its expression is in the first item of the charge, which is in the following language: "I. Portable engine, and take his 4x7 at Hack's, $399.50." Or, if we take the account which Mr. Dreyer, a witness for the plaintiff, claims to have delivered to the defendant, the same item is expressed in the following language: "I. Portable engine, and take his engine at Hack's, $399.50." These entries are quite ambiguous. The proper way to render such an account was to make out a bill of charges, showing the value of the articles furnished and work done, and, after footing up the amount, to give the defendant a credit, in the sum of one hundred and fifty dollars, for his engine. If such an account had been delivered, showing the aggregate charge exhibited by the account sued on, after deduct-

ing this credit, and the defendant had retained it, and made payments upon it, without objection, there would have been ground for charging him, on the theory of an account stated. There was, therefore, no error in refusing to qualify the above instruction, as requested by the plaintiff, and it can not be argued that the instruction, standing by itself, was not strictly correct.

With the concurrence of Rombauer, J., the judgment of the circuit court will be affirmed. It is so ordered. Lewis, P. J., is absent.