PHILIP SCHUCHMAN, Appellant, v. WILLIAM H. HEATH, Respondent.

St. Louis Court of Appeals, December 3, 1889.

1. **Practice, Trial:** PLEADING. Pleading the statute of limitations in defense to an action on a note is not inconsistent with the denial of the execution of the note.

2. ————: SURPRISE. The appellant cannot urge, on appeal, that he was surprised by a proceeding at the trial in the circuit court, when no such claim was made at the time, or afterwards, in the circuit court.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*W. P. Larew*, for the appellant.

The court improperly allowed defendant to withdraw his plea of the statute of limitations and change the character of his defense, which was in contradiction to that made in his answer. Appellant was taken by

surprise by the character of the defense, inasmuch as it was in direct contradiction of the answer filed, and in direct opposition and contradiction to the defense made in the justice court, and in the trial then had.

*G. S. Van Wagoner*, for respondent.

BIGGS, J., delivered the opinion of the court.

On the twenty-sixth day of September, 1888, the plaintiff filed with a justice of the peace a statement of his cause of action, in which he alleged that, on or about the twentieth day of June, 1876, the defendant was indebted to him in the sum of one hundred and ten dollars and ten cents, for goods sold; that on or about the first day of January, 1877, the defendant in settlement of this account delivered to the plaintiff his note for that amount, due sixty days after date, and with interest from date at the rate of ten per cent. per annum. Plaintiff then alleged the loss of the note, and asked judgment for the principal and interest. The plaintiff made affidavit to this, and also gave bond as required by the statute. To this petition the defendant entered a plea of the statute of limitations, as follows: "Defendant, answering in the above-entitled cause, says that the cause of action mentioned in the statement of the demand of plaintiff, filed by the plaintiff, in this cause, did not accrue within ten years before the commencement of this action."

At the trial in the circuit court a jury was waived, and the cause submitted to the court. The plaintiff testified in his own behalf, and his testimony tended to prove the facts stated by him in his petition. There was some additional evidence of admissions made by the defendant concerning the execution of the note. The defendant positively denied the execution of the note, or that he had acknowledged to any one that he had executed it. He claimed that, in the fall of 1877, plaintiff presented an account against him for about eighty

dollars, and that, in payment of this account, he gave plaintiff an order on a third party, who was at that time indebted to the defendant, for the amount. The defendant's testimony in some respects was corroborated by the facts and circumstances in the case. At the close of the defendant's evidence his counsel withdrew the plea of the statute of limitations, and elected to rest his defense on other grounds. The court found for the defendant and entered judgment accordingly. There were no instructions asked or given, and there is no complaint in this court on the score of the admission of evidence.

The plaintiff in his brief assigns the following errors: *First*. The judgment is against the evidence and the weight of the evidence. *Second*. The court erred in permitting the defendant to withdraw the plea of the statute of limitations.

This court has nothing to do with the weight of evidence, and in this case it cannot be pretended that there was no substantial evidence to support the judgment.

In reference to the second assignment, the plaintiff's counsel, if we understand him correctly, contends, that the plea of the statute of limitations made by the defendant was inconsistent with the defense actually made by him on the trial, and that the defendant by interposing the limitation statute, by necessary implication, admitted the execution of the note. This position cannot be defended. It was perfectly competent for the defendant to interpose the statute, and also deny the execution of the note. The mere fact, that the defendant filed with the justice a written plea of the statute of limitations, did not preclude him, either before the justice or in the circuit court, from showing that he did not execute the note. The law did not require either defense to be made in writing. If the defendant saw proper on the trial in the circuit court to abandon the defense of the statute of limitations,

we cannot imagine how the plaintiff could have been prejudiced thereby. The plaintiff cannot urge in this court that he was surprised by this action because he did not object to the introduction of the evidence offered by the defendant in support of his defense, and in no way called the attention of the trial court to the fact that he had been mislead, or in any way prejudiced on account of it. The judgment of the circuit court will be affirmed. All the judges concur.