The State ex rel. Dale v. Ashbrook.

----

THE STATE *ex rel.* ROSE DALE, Respondent, *v.* L. L. ASHBROOK *et al.*, Appellants.

### St. Louis Court of Appeals, March 18, 1890.

Costs : RIGHT OF PARTIES TO ENTER SATISFACTION. The costs taxed in a cause belong to the persons to whom they are payable, when collected ; and a fee bill or execution may issue for unpaid costs, due to officers of the court, notwithstanding an acknowledgment of satisfaction of the judgment by the party in whose favor it was rendered.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*David Murphy*, for the appellants.

When any judgment or decree is satisfied otherwise than by execution, the party in whose favor the same was rendered shall immediately thereafter enter an acknowledgment of satisfaction thereof in the court where the same was allowed. R. S. 1879, sec. 2747. The acknowledgment so made shall forever discharge and release the judgment or decree. R. S. 1879, sec. 2751. The writ of execution is solely for the benefit of plaintiff. She is the only person interested in its enforcement. *Reddich v. Cloud*, 7 Ill. 670; *Morgan v. People*, 59 Ill. 58. The satisfaction of a judgment must terminate the period when execution can properly issue. Freeman on Executions [2 Ed.] secs. 19, 442; *St. Francois Co. v. Sugg*, 83 Mo. 478; *Weston v. Clark*, 37 Mo. 571.

*D. D. Fassett* and *T. M. Rowe*, for the respondent.

THOMPSON, J., delivered the opinion of the court.

The plaintiff recovered a judgment against the defendant, in an action upon an attachment bond for six hundred and eighty-one dollars and twenty-five cents' damages, and, also, the costs of suit, and execution was awarded therefor. The defendants appealed to this court, but, not prosecuting their appeal, the plaintiffs (respondents) produced in this court a transcript of the record and moved for an affirmance of the judgment, which motion the court sustained. In the concluding part of the opinion of this court it was said: "This ruling in no way affects the defendants' right to resist the enforcement of the judgment so affirmed, provided it has been paid or settled in the *interim*, nor does it affect the question, which seems to be the sole controversy between the parties herein, as to which of them is responsible for the costs of the trial court. That question can be, and ought to be, settled by the

trial court on motion for taxation, or retaxation, of costs." 38 Mo. App. 280.

On the cause being remanded, the plaintiff, by her attorney, sued out an execution; the defendants moved the court to quash the execution, and to retax the costs against the plaintiff; the court overruled this motion, and the defendants again appealed to this court.

On the hearing of the motion to quash the execution, it appeared that, subsequently to the rendition of the judgment, and after the lapse of the term at which it had been rendered, and while the former appeal was pending in this court, the plaintiff and the defendants met and agreed to a satisfaction of the judgment, and that, thereafter, the following paper, signed by the plaintiff, was lodged with the clerk of the circuit court, and by him filed (omitting caption): "And now comes plaintiff, the said Rose Dale, and acknowledges payment in full of the *debt* herein and satisfaction of judgment."

The contention of the defendants on this appeal is that, after the party, in whose favor a judgment is rendered, acknowledges satisfaction of it, it cannot be the foundation of an execution, even for the costs which are due the officers of the court. We do not take this view. At common law litigation was not conducted on the credit system, as with us, but the plaintiff *purchased* his writ, and each party paid his costs step by step as the services were procured and as the cause proceeded. At the end of the litigation the successful party recovered his *costs*—that is, the costs which he had paid out. The idea of requiring the plaintiff to give security for costs seems to have been to indemnify the defendant against the costs to which he might be put by the litigation, in case it should turn out to be unfounded. Accordingly, the language of such a rule frequently was that the plaintiff be required to give security for the defendant's costs. *Roberts v. Roberts*, 6 Dowl. 556; *Anon.*, 1 Wils. 130.

But with us the costs are not ordinarily paid step by step, as each party demands of the proper officer of the court the rendition of some particular service; but they generally accumulate until the litigation is finally ended, and then they are recovered *nominally* by the successful party, but really by the officer of the court to whom they are due. *Trail v. Somerville*, 22 Mo. App. 308, 312. We still keep up the ancient form, so far that, according to the judgment entry, the costs are recovered by the successful party, and the execution runs in the same way, so as to conform to the judgment; but they are never, in fact, collected by him, nor paid over to him. According to a usage which, it is believed, has existed from the foundation of our judicial system, the name of the successful party is thus used in the judgment and execution as the person in whose behalf the costs are recovered and collected, but the real beneficiaries are the officers of the court to whom they are due. This usage has acquired the force of law. The officers of the court and the witnesses are so entirely the real beneficiaries that they can maintain an action in their own names for the breach of an undertaking given for the security of costs in a litigation. *Garrett v. Cramer*, 14 Mo. App. 401. The party in whose name the costs are recovered is, in respect of them, at most, a trustee of a dry trust—so dry that he is not allowed to handle any of the trust fund. His name in the judgment and execution is a mere naked name of record. The use of it by the officers of the court, in securing their dues, saddles him with no responsibility and endangers his rights in no way. As this portion of the judgment nominally recovered by him belongs to others, and not to him, he cannot satisfy it, or bargain it away with the other party to the record without their consent. He can waive his own rights, but he cannot waive the rights of others.

The judgment will be affirmed. All the judges concur. Judge BIGGS in the result.

ROMBAUER, P. J., delivered the opinion of the court on appellants' motion for a rehearing.

The appellants move for a rehearing on the ground that the decision of the court is opposed to *Beedle v. Mead,* 81 Mo. 297, and to the provisions of sections 1016 and 2751 of the Revised Statutes of 1879.

In *Beedle v. Mead, supra,* the suit was dismissed upon a memorandum signed by the parties litigant, each party agreeing to pay half the costs. A judgment was entered by the court accordingly with an award of execution for one-half of the costs against the plaintiff and defendant respectively. The deputy clerk of the circuit court without the direction of any party, not even his principal, issued an execution against the plaintiff for all the costs remaining unsatisfied in the case, under which he and the deputy recorder of the county bought in, by collusion, for fifteen dollars, two hundred and forty acres of the plaintiff's lands, worth at least twenty-four hundred dollars, with the design of cutting out a deed of trust of thirty-five hundred dollars and more, which was a lien subsequent to the lien of the judgment for costs. The case came to the supreme court upon an appeal from a judgment upholding this collusive and fraudulent sale against the purchaser under a deed of trust.

In reversing that judgment, Commissioner PHILIPS uses some language, which gives countenance to the views advanced by the appellant herein. The following part of his opinion shows the true ground on which the decision of the court rests : " The transaction is indefensible. Justice would be both blind and deaf not to rebuke it. Here are two hundred and forty acres of land worth twenty-four hundred dollars, sacrificed to collect a most inconsiderable fee of two or three dollars due questionably, when the execution was issued. These defendants bought it in at less than seven cents an acre, when two acres would have more than satisfied the claim. " Commissioner MARTIN in a

separate concurring opinion says: "I concur in the opinion reversing the case on account of the equity disclosed in the facts in evidence. But I do not concur in so much of the opinion as denies to the officers of the court, under all circumstances, final process by execution for the collection of costs taxed in their favor. I regard the costs, as taxed in the fee book in favor of the officers of the court, as collectible on execution. They constitute a lien. And the process, upon a judgment for costs, necessarily is for the benefit of the person in whose favor they are taxed. If the plaintiff has advanced. them, he is entitled to receive them. If he has not advanced them, he has no right to receive them. Neither can he, in such case, discharge them."

The views expressed by Commissioner MARTIN are the correct views, as will appear by the provisions of section 5595 of the Revised Statutes of 1879, which entitle officers of courts to have their fees collected by fee bill upon their own motion after the end of each term, regardless of the plaintiff's or defendant's direction. This section is certainly opposed to the views of Commissioner PHILIPS, as expressed in the language relied on by the appellants, namely, that "the plaintiffs may forgive the debt *and costs*, if they choose, and officers have no right to interfere." That the officers may enforce their judgment for costs by independent process even in case where a *supersedeas* bond has been given superseding the collection of the judgment, has been expressly decided in *State ex rel. v. Emmerson*, 74 Mo. 610.

The only apparent complaint that the appellants have is that, in this case, the process was an execution and not a fee bill. As the judgment was final, and the costs were never satisfied by any judgment of the *court* nor even pretended to be satisfied by the memorandum filed by the parties, even this objection is wholly without merit.

All the judges concurring the motion for rehearing is overruled.