CHARLES H. WINER, Appellant, v. W. R. MANESS, Respondent.

#### St. Louis Court of Appeals, April 15, 1902.

**Justices' Court:** FILING OF AFFIDAVIT AND GIVING BOND FOR APPEAL IS ENTRANCE OF APPEARANCE. The filing of an affidavit and the entering into a recognizance for an appeal from a judgment by default rendered by a justice of the peace is an entrance of appearance by defendant to the suit, by force and effect of the statute concerning appeals from judgments of justices of the peace (Section 4060, Revised Statutes 1899).

Appeal from Jefferson Circuit Court.—*Hon. Frank R. Dearing,* Judge.

REVERSED AND REMANDED.

*John J. O'Connor* for appellant.

(1)   In an appeal from the judgment of a justice of the peace to a circuit court, if the transcript of the justice contains recitals of fact that give the circuit court jurisdiction of the cause so appealed, it is the statutory duty of the circuit court to hear and determine said cause *de novo* regardless of the claims or admissions of the parties regarding alleged defects in the service of process or trial had before the justice.   And this is true where the appeal is taken by the defendant even though the plaintiff in commencing the suit, may not have complied with the provisions of section 3839. Revised Statutes 1899.   Kelley v. Railway, 86 Mo. 682; Witting v. Railway, 101 Mo. 635; Sec. 4071, R. S. 1899.   (2)   An appeal from the judgment of a justice of the peace by defendant against whom the judgment is rendered, waives and cures all defects in the issue and service of summons, and all the other proceedings had before the justice, and gives the circuit court jurisdiction of the cause.   Witting v. Railway, 101 Mo. 635; Eubank v. Pope, 27 Mo. App. 464; Rice v. Railway, 30 Mo. App. 112; Fitzpatrick v. Railway, 34 Mo. App. 285; Grimm v. Dundee Land & In. Co., 55 Mo. App. 460.   (3)   And the taking of such appeal is an entry of appearance, for all the purposes of the cause, by such defendant in the circuit court.   Sec. 4060, R. S. 1899; Eubank v. Pope, 27 Mo. App. 464.

No brief for respondent.

BLAND, P. J.—The action is for the recovery of one hundred and seventy-eight dollars and fourteen cents damages for the alleged wrongful conversion by defendant of certain personal property of the plaintiff's, alleged to be of the value of one hundred and seventy-eight dollars and fourteen cents. The suit was commenced on the twenty-first day of May,

1901, before John T. Haefner, a justice of the peace within and for the township of Joachim, in the county of Jefferson. Summons was issued, served and returned as shown by the transcript. The trial of the cause was set for June 6, 1901, on which day the plaintiff appeared but the defendant made default. Plaintiff submitted his evidence to the justice, who rendered judgment by default against defendant for one hundred and seventy-eight dollars and fourteen cents and costs. Within ten days thereafter the defendant appeared before the justice and filed his affidavit and recognizance for an appeal to the circuit court. At the September term, 1901, of the Jefferson Circuit Court, defendant filed his motion to dismiss the cause for want of jurisdiction, in this, "that the cause was commenced in Joachim township, and that one township intervenes between said Joachim township and the township in which defendant resides, and that the service of summons was, in point of fact, had on defendant, not in Joachim township, but in the township where the defendant resided." On the hearing of the motion the plaintiff admitted that it might be considered, for the purpose of the motion, that the summons had not been served on defendant in Joachim township, nor in an adjoining township thereto, but that it had been served on him in the county of Jefferson, and the defendant admitted that he had appeared before the justice and filed his affidavit and bond for the purpose of taking the appeal.

On this evidence the court sustained the motion and dismissed the plaintiff's cause at his cost. Plaintiff saved his exceptions to the ruling of the court in sustaining the motion and dismissing the cause and in due time filed his bill of exceptions.

The suit is one of a class over which justices of the peace have jurisdiction by the provisions of section 3835, Revised Statutes 1899, and the justice had jurisdiction of the subject-matter of the suit. The filing of an affidavit and the entering into a recognizance for an appeal from a judgment by default

rendered by a justice of the peace is an entrance of appearance by the defendant to the suit by force and effect of the statute concerning appeals from judgments of justices of the peace. Sec. 4060, R. S. 1899. In Witting v. Railroad, 101 Mo. 631; Schuchman v. Heath, 38 Mo. App. 280; Rice v. Railroad, 30 Mo. App. 110, it is ruled that the taking of an appeal waives all errors and imperfections in the service of process and is equivalent to a general appearance to the merits. Meyer v. Phoenix Ins. Co., decided by this court but not yet reported.

The learned circuit judge committed error in sustaining the motion to dismiss the appeal, wherefore the judgment is reversed and the cause remanded with directions to the circuit court to set aside its order dismissing the appeal, reinstate the cause on its docket, and to overrule the motion. *Barclay,* and *Goode, JJ.,* concur.