THE STATE TO THE USE OF STANLEY V. THE ST. LOUIS BROKERAGE COMPANY *et al.*, *Appellants.*

1. **Practice in the Supreme Court : WEIGHT OF EVIDENCE.** Where in an action at law, the evidence will justify a finding either way, the Supreme Court will not pass upon its weight.

2. **Practice : INSTRUCTIONS.** It is not error to refuse instructions asked where the principles embodied in them are embraced in others given.

3. ——— : ———. An instruction asked is properly refused when there is no evidence upon which to base it.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Fisher & Rowell* for appellants.

*Crews & Brooth* for respondent.

SHERWOOD, J.—This is an action on an indemnifying bond, given by defendants to the sheriff to protect him, he having levied an execution on certain personal property claimed by plaintiff as hers.

The point in contest in the lower court was whether the sale of the property claimed by plaintiff was fraudulent as against the existing creditors of Cronin, who owned the goods prior to their sale by the latter to plaintiff. The cause was tried before Judge Amos M. Thayer, a jury

having been empaneled. The evidence, would, perhaps have justified a finding either way, but with the weight of evidence we have no concern. "The real issue of fact before the jury (as stated by counsel for defendants) was whether or not said Stanley was aware of the purpose of Cronin in making the sale. The instructions given on behalf of the plaintiff, by the court of its own motion, and on behalf of the defendants, presented the matter at issue to the jury with most unexceptionable fairness, and their verdict must be regarded as final.

The principles embodied in the instructions given, covered, substantially, the ground occupied by the instructions refused, with the exception of one instruction asked by defendants, which is as follows:

"The court instructs the jury that although they may find from the evidence that K. C. Stanley was acting in good faith in the original agreement to make the purchase from P. H. Cronin, and paid a portion of the purchase money, if the jury further find she afterward agreed with said Cronin that the balance of the purchase money should not be paid, and that she should hold said property as if she had paid in full for the same, and that the object or intent of said parties in said last-named agreement was to hinder, delay, or defeat the collection of any of the debts or obligations of said Cronin, then the entire transaction was fraudulent and void as against the creditors of said Cronin and the jury will so find."

It is enough to say regarding this instruction, that without stopping to pass upon its abstract correctness or incorrectness, we think, as did the court of appeals, that there was no evidence upon which to rest such an instruction.

Therefore, judgment affirmed. All concur.