NELLIE E. DAVIS and Her Husband, Respondents, v.
THE KANSAS CITY BELT RAILWAY COMPANY,
Appellant.

Kansas City Court of Appeals, June 8, 1891.

1.  Appellate Practice : VERDICT : RULES AS TO INTERFERENCE WITH :
    CONTRIBUTORY NEGLIGENCE : QUESTION FOR JURY. An appellate court
    cannot reverse, merely because the verdict is not altogether to its
    liking.   It must defer to the jury in the first place, and then leave
    to the trial judge to say if the preponderance is so strong against
    the verdict that it should not stand. It can only interfere when
    the evidence or the inference therefrom are all against the
    finding, or there is such overwhelming preponderance against the
    verdict that it can only be accounted for on the ground of passion,
    partiality or prejudice.   On the facts in this case the question of
    contributory negligence was properly submitted to the jury,
    the proof not being so clear and free from conflict that reasonable
    men, acting impartially, could only determine it in one way, and
    their finding is conclusive.

2.  Negligence : CONTRIBUTORY  NEGLIGENCE : JURY  QUESTION.
    Though plaintiff heedlessly entered upon the defendant's railroad
    track in the path of the coming engine, yet there was evidence
    tending to prove that defendant could, by the exercise of ordinary
    care, have discovered the impending peril in time to have avoided
    the injury, which was a question for the jury.

3.  ———— : ———— : PERILOUS SITUATION : INSTRUCTION : HARMLESS
    ERROR.   Under the circumstances and situation of the parties in
    this case, the being upon the track in front of the engine was
    necessarily a position of peril ; and an instruction in relation
    thereto and set out in the opinion, though subject to verbal criti-
    cism, was merely harmless error.

4.  ———— : ———— : SELF-PRESERVATION : INSTRUCTION : DEFENSE :
    PLEADING AND PROOF.  An instruction declaring the instincts of
    self-preservation are not proper consideration, in determining
    whether plaintiff exercised ordinary care, was properly refused in
    this case because :

    (1) There was plenty of instructions without it, and it was
        unnecessary in advising the jury as to their verdict.  (The
        practice of asking and giving numerous instructions
        strongly disapproved.)

(2) It is a mere abstraction, and clothed in such language as was calculated to mystify the jury.

(3) It does not properly declare the law of this state, where contributory negligence is a matter of defense—must be alleged in the answer and proved to exist by a preponderance of the evidence.

*Appeal from the Jackson Circuit Court.*—Hon. J. H. Slover, Judge.

Affirmed.

*Pratt, Ferry & Hagerman,* for appellant.

(1) Upon the undisputed evidence in the case, the court should declare that both plaintiff and her husband were guilty of contributory negligence. *Harlan v. Railroad,* 64 Mo. 480 ; *Zimmerman v. Railroad,* 71 Mo. 476 ; *Powell v. Railroad,* 76 Mo. 80 ; *Kelly v. Railroad,* 88 Mo. 534 ; *Yancey v. Railroad,* 93 Mo. 433 ; *Butts v. Railroad,* 98 Mo. 272; *Beyel v. Railroad,* 12 S. E. Rep. (W. Va.) 532, 534. Whenever the physical facts contradict the testimony of a witness, the latter must fall, even at the hands of an appellate court. *Spohn v. Railroad,* 87 Mo. 74 ; *Hunter v. Railroad,* 116 N. Y. 615 ; s. c., 23 N. E. Rep. 9. (2) The court erred in giving instruction, numbered 3, for plaintiff, for several reasons. *First.* The accident was simultaneous with the appearance of danger. *Butts v. Railroad,* 98 Mo. 272. *Second.* The instruction gives a right of recovery regardless of contributory negligence, even though the danger was not apparent. *Dahlstrom v. Railroad,* 96 Mo. 99, 104 ; *Yancey v. Railroad,* 93 Mo. 433 ; *Butts v. Railroad,* 98 Mo. 272 ; Beach. Cont. Neg. 394, sec. 1461 ; *Railroad v. Keough,* 13 Ill. App. 431 ; *Railroad v. McLaren,* 62 Ind. 566 ; *Railroad v. Miller,* 25 Mich. 279. And even though there was a mistake of judgment. *Rhing v. Railroad,* 6 N. Y. Supp. 641. (3) The court erred in refusing defendant's instruction 20. Instincts of self-preservation are never proper

considerations when a party is alive and testifies as to what was done. *Dunlevy v. Railroad*, 66 Ia. 435 ; s. c., 23 N. W. Rep. 911 ; *Whitsett v. Railroad*, 67 Iowa, 150 ; s. c., 25 N. W. Rep. 104 ; *Reynolds v. Keokuk*, 72 Iowa, 341 ; s. c., 34 N. W. Rep. 167 ; *Railroad v. Clark*, 108 Ill. 113, 118 ; *Gardiner v. Railroad*, 17 Ill. App. 262, 264 ; *Whitaker v. Morrison*, 1 Flor. 25 ; s. c., 44 Amer. Dec. 627 ; *Galpin v. Page*, 18 Wal. 364.

*Scarritt & Scarritt*, for respondents.

( 1 ) The question as to whether plaintiff was guilty of contributory negligence in this case, as was said by Judge NORTON in. *Keim v. Railroad*, 90 Mo. 322, " was for the jury under proper instructions. ( 2 ) Instruction 3 given on behalf of the plaintiff is all right. *Frick v. Railroad*, 75 Mo 609 ; *Kelley v. Railroad*, 75 Mo. 138 ; *Suttie v. Aloe*, 39 Mo. App. 30 ; *Kelley v. Railroad*, 101 Mo. 79. ( 3 ) The court committed no error in refusing appellant's instruction, numbered 20. *State v. Carter*, 98 Mo. 176 ; *State v. West*, 95 Mo. 142 ; *Sidekum v. Railroad*, 93 Mo. 400 ; *Atkinson v, Dickson*, 96 Mo. 582 ; *McCoy v. Farmer*, 65 Mo. 247 ; *Acock v. Acock*, 57 Mo. 154 ; *Kauffman v. Harrington*, 23 Mo. App. 572. The declaration asked was an abstract principle, a mere platitude, not based upon the evidence, and should not have been given. *Fairgrieve v. City of Moberly*, 29 Mo. App. 141. This instruction was properly refused on the ground that the number asked by appellant was excessive, and was asked not with a view of enlightening the jury, but rather of enhancing the chances of involving the court in minor errors. *Deering v. Collins*, 38 Mo. App. 73 ; *City of Hannibal v. Richards*, 35 Mo. App. 15 ; *Norton v. Railroad*, 40 Mo. App. 642. Instructions, though correct in principle, but not revelant to the case, are properly refused. *Kauffman v. Harrington*, 23 Mo. App. 572 ; *Schroeder v. Mason*, 25 Mo. App. 190.

In any view. of the case, the refusal of this instruction would not justify a reversal of the judgment in this cause.

GILL, J.—Plaintiff recovered a judgment for $2,500 against the defendant in the court below, on account of personal injuries inflicted at the crossing of defendant's railroad on Indiana avenue, Kansas City, and defendant appealed. The charge of negligence made in the petition is, that defendant's servants negligently and carelessly ran a switch engine over the plaintiff and her husband while they were crossing the tracks near the corner of Sixteenth street and Indiana avenue; that there was no bell rung or other warning given of the approach of the engine. In addition to a general denial the defendant set up contributory negligence on the part of plaintiff and her husband in going upon the railroad track at the time.

I. The first point made in defendant's brief is, that the circuit court should have sustained the demurrer to the evidence, because it is claimed a clear case of contributory negligence was made out. We have carefully read and considered the testimony, and discover no reason to condemn the action of the trial court in this regard. The evidence for the plaintiff, if credited by the jury, made a case for her, and the court very properly refused to declare as a matter of law that she could not recover. The substance of the evidence tending to support plaintiff's right to recover may be stated as follows: The plaintiff, Nellie E. Davis, just prior to the injury complained of, was riding south on Indiana avenue in a one-horse buggy which was being driven by her husband. She sat on a bag of oats to the front of the buggy seat, with her face turned towards the southwest. The husband sat on the right-hand side of the seat, and a carpenter by the name of Inger on the left. As they approached the tracks of the defendant company, which were five in number and

intersected Indiana avenue on grade at nearly a right angle, all three of these persons looked and listened for approaching cars or engines from the time the buggy was at least a half of a block from the tracks until the very instant the collision occurred. When the buggy was somewhere between the distance of sixty and twenty feet from the track on which the injury happened, the horse and buggy were stopped, and all of its occupants looked and listened for approaching cars and signs of danger. Inger says the stop occurred about sixty feet from the railroad track, Mrs. Davis says about forty feet, and the engineer in charge of the engine that caused the injury says that as his engine went west he saw them standing not more than twenty feet from the track. It was impossible to cross defendant's tracks, owing to the condition of the street, except at the extreme western side of Indiana avenue. The engine causing the injury was running on the second track from the north. There were three or more box freight cars standing on the northmost track, upon and across the sidewalk on the west side of the street, and west thereof. In crossing the tracks, it was necessary for plaintiff to go so near the end of these box cars that she could have touched the east one as the vehicle went past. The distance between the track on which these box cars stood and the one on which the engine was being operated (and where the damage occurred) was, according to the testimony of one of the defendant's witnesses, about thirteen feet. Deduct now from this thirteen feet the probable projection of the box cars and it seems doubtful if sufficient space remained to include the length of the horse and buggy back to the seat where the driver sat, so that when the conveyance was driven along by the box car the horse would be onto the second track before the occupants of the vehicle could look around the obstruction and see the approaching engine. And according to plaintiff's evidence they were unable to see the engine (although

continually on the watch out) until they had passed the box cars and found themselves immediately in front of it.    They testify, too, that they stopped and listened, but heard no bell ringing, and that they had no warning whatever of the engine's approach.    The evidence, too, tends to prove Mrs. Davis to have been seriously injured by the collision, and there is no just reason to contest the verdict on the ground of excessive amount.

We cannot undertake to set aside all this, and the other evidence on the part of the plaintiff, by a consideration of the photographs and experiments shown at the trial, however plausible they may seem.    The photographs do not show, as testified to by Mrs. Davis ( and not denied by any other witness ), the condition of things as they existed at the date of the accident.    They were taken about a year after Mrs. Davis' injury.    The testimony, too, of Quest and others was not based upon the condition of things as sworn to by plaintiff and Inger.    They ( Mrs. Davis and Inger ) testified that the box cars, which obstructed their view, sat upon or at the line of the west sidewalk, and further they both agreed that their conveyance was driven along the extreme west side of Indiana avenue and right by the end of the box car, whilst it seems that Quest made his observations from the east side of the street, a difference in position likely of thirty to fifty feet.    It is unnecessary to refer to the well-established rule that we should not reverse a case merely for the reason that the verdict is not altogether of our liking. We must defer to the jury in the first place, and then further must leave it to the trial judge to say if the preponderance is so strong against the verdict that it should not stand.    We only interfere where the evidence, or the reasonable inferences therefrom, are all against the finding and judgment, or there is such an overwhelming preponderance against the verdict that it can only be accounted for on the ground of passion, partiality or prejudice.    There is no such case presented here.    The

trial judge was, in our opinion, entirely justified in submitting the issue of contributory negligence to the jury, and their finding thereon is conclusive upon us. The rule is, that in all such cases " the question must be left to the jury, unless the proof is so clear and free from conflict, that reasonable men, acting impartially, could only determine it in one way." Shearman & Redfield on Neg., sec. 43 ; *Buesching v. Gas Co.*, 73 Mo. 320.

Again, the court rightfully refused a peremptory instruction for defendant, because, admitting plaintiff to have heedlessly and carelessly gone upon the track in the path of the coming engine, there was evidence tending to prove that defendant's servants operating the same could, by the exercise of ordinary care, have discovered the impending peril in time to have avoided the injury. According to the evidence for defendant the switch engine first went west, and in passing Indiana avenue the engineer saw plaintiff and her husband standing with the buggy beside the track facing south waiting to pass over ; the engine after passing west halted about fifty feet west of Indiana avenue and thence moved back east, and then struck the buggy. In addition to the fact that the engineer was about crossing this thoroughfare where people so frequently traveled, the engineer had notice of the presence there, at the time, of the plaintiff's conveyance, and the exercise of the least care would have suggested to the engineer a look-out for the conveyance. If Mrs. Davis and her husband drove from behind the standing box cars and onto the second track, when, as contended by defendant, they could have seen the switch engine fifty feet away ( where it had come to a stop ) then it would seem those operating the engine might too have seen the buggy and occupants, and in ample time to have stopped the engine ( or slowed up ) so as to have avoided the collision. This is quite satisfactorily shown by the evidence for the defendant. Evidently, the engine was

moving slowly, and the engineer testifies that it was in such slow motion that when it struck plaintiff's vehicle he stopped said engine within the space of six feet.

II. Following our last observations, it is appropriate here to notice defendant's third assignment of error. Objection is made to the following instruction given at the request of the plaintiff: "Even though you find and believe from the evidence that plaintiff was guilty of negligence in going upon the track of defendant, upon which the injury occurred, at the time and place of the accident, yet, if you further believe from the evidence that the place where such injury happened was a public crossing where the defendant's tracks crossed a public street on grade in Kansas City, and that such crossing was in a populous part of the city and used by the public in traveling back and forth, and that defendant's servants in charge of the locomotive engine complained of saw, or by the exertion of ordinary care might have seen, the plaintiff and her husband *upon the track* in their buggy, in time to stop the said engine and avert the injury, and that such injury was caused by the carelessness and negligence of such servants in not so doing, then you must find for the plaintiff, notwithstanding negligence on her part or on the part of her husband." The italics above are those of defendant's counsel. As to the first objection to this instruction (to-wit, the absence of any evidence to support it), we have already given our views, and think it unnecessary to say more. It is said, however, that the instruction is faulty in telling the jury that it was incumbent on defendant's servants to stop the engine and avert the injury if they saw, or might by ordinary care have seen, the plaintiff and her husband *upon the track* in their buggy in time to stop, etc. It is claimed that before this could be required of defendant's servants there must have been impending *danger* or peril in the presence of the buggy on the track. Whilst in other cases this criticism might have some weight, yet, admitting

this to be a technical objection ordinarily, it could not possibly be at all harmful in this particular case. Under the circumstances and situation of the parties at the time, being *upon the track* in front of this engine was necessarily a position of peril. Conceding, then, that the instruction could have been more properly worded, the defect is entirely harmless, and furnishes no reason for reversal.

III. Among the numerous instructions offered by the defendant was the following : " 20. The instincts of self-preservation are not proper considerations in determining whether Mrs. Davis exercised ordinary care." The refusal of the court to give said instruction is assigned as error. Whether or not this instruction embodies good law, yet its refusal was not reversible error. The defendant offered twenty-one separate declarations of law, sixteen of which the court gave. These, with some three given at the plaintiff's request, and two others of the court's motion, submitted all the issues (and indeed others besides) which by any possibility are included in the limits of this case. This oft-repeated practice of crowding the records of the trial courts with a multitude of unnecessary instructions is a growing evil in the trial of causes in this state. It serves no good purpose, but only goes to embarrass the trial judge ; and if any great number of such instructions are given they tend to confuse rather than enlighten the jury. Here, for example, the issues to be determined by the jury were very few, so that two or three instructions to the side would answer every useful purpose. The court then was justified in refusing this, with the other four asked by defendant, because they, one and all, were entirely unnecessary in advising the jury as to their verdict. The instruction, numbered 20, was besides a mere abstraction, and clothed in such language as was calculated to mystify the jury. Furthermore, said instruction does not properly declare the law in this state as we understand it. Although I have

been unable to find any exact precedent in this state (and have been cited to none), yet when it is remembered that in Missouri in actions of this nature contributory negligence is a defense which must be alleged, and by a preponderance of evidence proved by the defendant, we do not think the rule from Iowa and Illinois, here contended for by defendant's counsel, can apply. In these states it is made incumbent on the plaintiff, as part of his case, to negative contributory negligence and affirmatively establish ordinary care on his part, before calling on the defendant at all. See cases cited in defendant's brief. Also 2 Thompson on Neg., p. 1175, sec. 24; Shear. & Redf. on Neg., sec. 43. But in Missouri the rule is no longer one of question that contributory negligence on the part of the plaintiff is matter in defense,—must be alleged in the answer and proved to exist by a preponderance of evidence. *Hudson v. Railroad*, 101 Mo. 13. The plaintiff is presumed to have been in the exercise of ordinary care, and the basis of this presumption grows out of the well-known disposition of men to avoid injury to themselves. Shear. & Redf. on Neg., sec. 44; *Northern Central Ry. Co. v. State to use of Geis*, 31 Md. 357; *Railroad v. Gladmon*, 15 Wall. 407; Lawson on Pres. Ev. 102. Whether or not then sufficient evidence is produced by defendant to overcome this presumption (founded on the prevailing "instincts of self-preservation," and standing to the credit of the plaintiff) is a question for the jury, and it would, therefore, be erroneous for the court to declare, as here requested, that such presumption was not a proper matter for their consideration.

The remaining point presented relates to certain questions and answers of witnesses Inger and Hereford. Having examined these objections we fail to see any substantial reason for complaint. The case seems to have been fairly tried, and we discover no reason for reversing the judgment; the same is, therefore, affirmed. All concur.