## BRAY, *Appellant*, v. KREMP.

Division Two, January 31, 1893.

1. **Supreme Court Practice:** EVIDENCE: EXCEPTIONS. The action of the trial court on the admission and exclusion of evidence will not be reviewed on appeal where no exceptions are saved at the time and made a part of the bill of exceptions.

2. ———: WEIGHING EVIDENCE. The supreme court will not weigh the evidence and determine whether or not the finding of the trial court sitting as a jury was correct.

*Appeal from Barton Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*Cole & Ditty* and *V. N. Bray* for appellant.

(1) A sale of real estate by the administrator without an order of court to sell is void, and an administrator's deed will pass no title to land not described in the order of sale. *Greene v. Holt*, 76 Mo. 678; *Evans v. Snyder*, 64 Mo. 516; *Henry v. McKerlie*, 78 Mo. 433. (2) Before a sale of real estate belonging to

the intestate's estate, there must be a petition for such sale presented to the probate court in which the administration of the estate is pending. 1 Revised Statutes, 1889, sec. 145; *Teverbaugh v. Hawkins*, 82 Mo. 180; *Jarvis v. Rusick*, 12 Mo. 63. (3) While perhaps an order of approval may cure certain irregularities, it cannot, by any retroactive effect, impart validity to avoid sale. *Farrar v. Dean*, 24 Mo. 16; *Cunningham v. Anderson*, 107 Mo. 376.

*H. C. Timmonds* for respondent.

(1) In this case no exceptions were saved and no instructions were asked or given. Hence, no point of law is preserved for this court to review; nor will this court weigh the evidence to determine whether or not the finding of the trial court was correct. *Harrison v. Bartlett*, 51 Mo. 170; *Miller v. Breneke*, 83 Mo. 163. (2) If appellant's ancestor ever did have title to the premises in controversy, it was divested from him by the two administrator's deeds introduced in evidence. *Jackson v. Magruder*, 31 Mo. 55. (3) The sales having been ordered, made, reported and approved, it will be presumed that all requisite antecedent steps had been taken. *Price v. Real Estate Ass'n*, 101 Mo. 116; *Sherwood v. Baker*, 105 Mo. 476. (4) The administrator's deeds are formal in every respect. They recite a sale, appraisement of the premises, report of sale, approval of sale and payment of purchase price. They are evidence of the facts therein recited. Revised Statutes, sec. 171.

BURGESS, J.—This is an action of ejectment tried by the court sitting as a jury. The petition is in the usual form of an action of ejectment. The answer tendered the general issue. The court found the issue

for the defendant and rendered judgment accordingly. From this judgment the plaintiff prosecutes his appeal.

Both parties claim from the same source of title— the county of Barton. On the trial the parties introduced evidence which tended to establish their respective theories of the case. No instructions were asked or exceptions saved. There were a number of conveyances of different kinds read in evidence by defendant, to some of which plaintiff objected at the time, but his objections were overruled, and he at no time saved his exceptions to the ruling of the court. There is, therefore, no point of law preserved for this court to review.

When parties desire to have the action of the trial court reviewed in the admission or exclusion of evidence over their objections in the trial of causes, they must save their exceptions at the time and make them part of the record by bill of exceptions. Nothing of that kind was done in this case.

Nor were any instructions asked or given. Had this been done and the plaintiff had asked proper instructions and they had been refused, or had he objected to improper instructions given on the part of defendant, and saved his exceptions, then there would have been something before this court for its consideration, but, as shown by the record, there is nothing of this kind.

If has been repeatedly held by this court, when the circuit court tries a case like this, sitting as a jury, that it will not weigh the evidence and determine whether or not the finding of the trial court was correct on the evidence. *Harrison v. Bartlett*, 51 Mo. 170; *Miller v. Breneke*, 83 Mo. 163, and authorities cited. It follows that the judgment must be affirmed. All of this division concur.