ETTLINGER *et al.* v. KAHN; LEHNHARD, *Interpleader, Appellant.*

Division Two, June 2, 1896.

1. **Practice in Supreme Court**: CONFLICTING EVIDENCE: REVERSAL OF JUDGMENT. Where the evidence is conflicting, the supreme court will not weigh it for the purpose of determining whether the verdict is supported by the evidence or not, but where it is not supported by substantial evidence, it is the duty of the trial court to set it aside upon motion, and upon its failure to do so, the supreme court will, upon appeal, reverse the judgment.

2. **Debtor and Creditor**: PREFERENCE. An insolvent debtor has the right to prefer one or more of his creditors to all others, provided the debts secured were *bona fide*, and the creditors preferred were not parties to any fraudulent act on the debtor's part to hinder, delay, or defraud his other creditors.

3. ———: ———: WIFE AND OTHER RELATIVES OF DEBTOR: FRAUD: PRESUMPTION. Fraud is never presumed, but must be proved, and the fact that, of four creditors preferred by an insolvent debtor, one was his wife, one his nephew, and another his niece, does not of itself show fraud.

4. ———: ———: EVIDENCE. On the trial of an interplea issue in an attachment suit, record evidence of other suits against the defendant in the attachment proceeding, brought by other alleged creditors, and pending at the same time in the same court, is not admissible against the interpleader.

*Appeal from Barry Circuit Court.*—HON. J. C. LAMSON, Judge.

REVERSED AND REMANDED.

*Cloud & Davies* and *Pepper & Steele* for appellant.

The appellant's demurrer to the evidence should have been sustained. If there is no evidence to support an issue, it is the duty of the court to instruct the jury. *Alexander v. Harrison*, 38 Mo. 258; *McFarland v. Bellows*, 49 Mo. 311. And it is as much the duty and province of the trial court to direct the jury to find a verdict for the defendant, where the undisputed facts show no legal liability to have been incurred, as it is the province of the jury where there is conflicting evidence, to establish the demand of the plaintiffs and the defense of the defendant, to return a verdict for either party. This is well settled law, both in this state and elsewhere. *Powell v. Railroad*, 76 Mo. 83, and cases cited. And the rule is well settled in this state that a mere scintilla of evidence will not answer as a basis on which to rest a verdict. *O'Hare v. Railroad*, 95 Mo. 682. Under the rulings above cited there was no evidence in this case to warrant its submission to the jury. The pleading and undisputed evidence proved the execution and delivery of the deed of trust and the stock of goods in controversy to the trustee. This entitled him to hold and retain possession thereof and dispose of same for the purposes of the trust, unless the deed of trust is void as to plaintiff and other attaching creditors on account of fraud. There is absolutely no evidence of fraud and no circumstances in evidence from which fraud might reasonably be inferred, unless the court should hold that the one circumstance of the relationship of some of the beneficiar-

ies named in the deed of trust, to be such circumstance; and it has been otherwise decided by the St. Louis court of appeals in *Simon Gregory Dry Goods Co. v. McMahan*, 61 Mo. App. 499. The court erred in refusing appellant's instruction. It is supported by a long line of decisions in this state. Further error was committed by the court in admitting the evidence of T. S. Frost, the clerk of the court. *Albert v. Besel*, 88 Mo. 150.

*L. Beasley* and *J. S. Davis* for respondents.

(1) The court did not err in overruling the demurrer to the evidence. . When there is any evidence, either direct or circumstantial, tending to prove the fact in question, the cause should be submitted to the jury. In this case the question was whether or not the deed of trust was fraudulently made, and whether or not the beneficiaries therein named as preferred creditors knew of and participated in the fraud. *Chambers v. McGiveron*, 33 Mo. 202; *McKown v. Craig*, 39 Mo. 156; *Deere v. Pilant*, 42 Mo. 60; *Wood v. Ins. Co.*, 50 Mo. 112; *Grady v. Ins. Co.*, 60 Mo. 116; *Twohey v. Fuin*, 96 Mo. 104; *Charles v. Patch*, 87 Mo. 163. (2) Fraud can not easily be proven by direct evidence. "Fraudulent transactions are not committed openly and in the light of day, but generally with secrecy and with a view of concealing the evidence of it. Fraud must therefore generally be inferred from all the facts and circumstances which characterize the transaction. Where an inference of fraud may be drawn from all the facts and circumstances the question should be submitted to the jury." *State to use v. Mason*, 112 Mo. 374. The fact that Kahn made a deed of trust when in failing circumstances, and made his wife a preferred creditor for $4,000, his nephew for $930,

his niece for $2,000, and the bank of which he was vice-president and a stockholder for $1,500, and the further fact that his nephew and niece lived at his house and had a chance at all times to fully understand each other, are all facts and circumstances tending to show fraud and was proper evidence to be submitted to the jury in connection with other facts and circumstances in evidence. *Simon Gregory Dry Goods Co. v. McMahan*, 61 Mo. App. 499. (3) Appellant's side of the case could not have been prejudiced by the testimony of T. S. Frost. The ruling in *Albert v. Besel*, 88 Mo. 150, is not applicable to this case. There is a wide distinction between this case and that. (4) The evidence fully supported the verdict of the jury. *Reynolds v. Rogers*, 63 Mo. 17; *Tuggle v. Railroad*, 62 Mo. 425; *Memphis v. Mathis*, 28 Mo. 248; *Douglass v. Orr*, 58 Mo. 573; *McHugh v. Meyers*, 61 Mo. 334; *Beattie v. Hill*, 60 Mo. 72, 572.

BURGESS, J.—On the thirteenth day of November, 1893, the defendant Kahn, who was at that time, and had been for about eight years prior thereto, the owner of and operating a general mercantile store in Monett, Barry county, Missouri, being heavily indebted and unable to meet his liabilities as they became due, executed a deed of trust to the interpleader, Lehnhard, by which he conveyed to him said stock of merchandise, of the value of from $6,000 to $12,000, two shares of bank stock which he held in the Commercial Bank of Monett (of which the interpleader was president), of the value of $100, and building and loan stock of the proximate value of $150, to secure his wife Flora Kahn in the sum of $4,000; his nephew Sig. Solomon, $930, which he owed him for services rendered as clerk in the store; his niece Sidonia Solomon, $2,000, and said bank $1,500, all of which was then past due.

Defendant was indebted to plaintiffs in about the sum of $2,700, about sixteen hundred of which was due on the note sued on, and the balance on account of goods purchased which was not due at the time of the execution of the deed of trust.

At the time of the execution of said deed defendant was, and had been for some two years prior thereto, vice-president and the owner of two shares of stock in said bank.

Immediately upon the execution of the deed of trust interpleader Lehnhard took possession of the stock of goods, and was in possession thereof, when they were seized under the writ of attachment sued out in this case as the property of the defendant Kahn. Interpleader retained possession of the attached property by giving bond for its delivery, as provided by statute in such circumstances.

The grounds of the attachment were, that defendant had fraudulently conveyed or assigned his property or effects, so as to hinder or delay his creditors; and that he had fraudulently concealed, removed, or disposed of his property or effects so as to hinder or delay his creditors.

At the return term of the writ, defendant pleaded in abatement to the attachment, and Lehnhard interpleaded, claiming the attached property under deed of trust.

At the close of the evidence the court was asked to instruct the jury to find a verdict for the interpleader, which was refused and exceptions duly saved.

Under the instructions given the jury returned a verdict for plaintiffs, and judgment was rendered in accordance therewith, and the interpleader, having unsuccessfully moved for a new trial, has appealed the case to this court.

The first insistence is, that the court committed

error in refusing to instruct the jury to find for the interpleader. This insistence is predicated on the ground that there was no evidence showing or tending to show fraud in the execution of the deed of trust. This same question is raised in the motion for a new trial, so that it is immaterial from which standpoint it be considered, whether upon the refusal of the court to instruct the jury to find for the interpleader, or upon its refusal to set aside the verdict, and grant the interpleader a new trial.

It has been uniformly held by this court, that where the evidence is conflicting we will not weigh it for the purpose of determining whether the verdict is supported by the weight of the evidence or not, but, where a verdict is not supported by substantial evidence, that it is the duty of the trial court to set it aside on motion, and upon its failure to so do this court will in such circumstances reverse the judgment. *Powell v. Railroad*, 76 Mo. 80; *Avery v. Fitzgerald*, 94 Mo. 207; *Jackson v. Hardin*, 83 Mo. 175; *Long v. Moon*, 107 Mo. 334; *Landis v. Hamilton*, 77 Mo. 554.

We have looked in vain through the record to find any substantial evidence of a purpose on the part of defendant to hinder, delay, or defraud his creditors in the execution of the deed of trust to Lehnhard for the purpose of securing the creditors named in said deed. Even if such was the purpose and intention of Kahn, there isn't the slightest evidence that either of the beneficiaries participated in such scheme. Kahn, although insolvent, had the right to prefer one or more of his creditors to all others, provided the debts thus secured were *bona fide*, and said creditors were not parties to any fraudulent act on the part of Kahn to defraud, hinder, or delay his other creditors. His intention seems not to have been to defraud his credi-

tors but to prefer certain of them, and this he had the unquestionable right to do.

While there may arise a *suspicion* of fraud on the part of Kahn in the execution of the deed of trust, because of the fact that one of the four creditors preferred thereby is his wife, one his nephew, and another his niece, that of itself does not show fraud, and, while it may be shown by facts and circumstances, is never presumed, but must be proven. Kahn was introduced as a witness by plaintiff, and was the only witness who testified with regard to the debts owing to the preferred creditors, and not one word or syllable can be found in his evidence which tends in the slightest to show that they are not *bona fide*, other than what suspicion, if any, may arise from the fact that one of them is his wife, and two others his relatives, and this even is dispelled by his evidence, which explains how, when, and for what the debts were contracted.

The burden of proof was upon plaintiffs to show that the deed of trust was executed by Kahn for the purpose of hindering, delaying, or defrauding his creditors, and, while fraud is rarely ever susceptible of direct proof, it may be shown by facts and circumstances if sufficient, but there was a total absence of such proof in this case.

T. S. Frost, clerk of the circuit court of Barry county, was introduced as a witness on the part of plaintiffs, and over the objection of the interpleader was permitted to produce and read to the jury, the numbers, titles of causes and the amounts sued for by different firms, claiming to be creditors of Kahn, upon which suits had been brought against him and which were then pending in that court.

Such evidence was held to have been improperly admitted on the trial of an interplea in a suit by attachment in *Albert v. Besel*, 88 Mo. 150, in which it is said:

"Again if the plaintiff desired to show that Besel was indebted to other persons he should have done so by competent evidence. The production merely of accounts sued upon and upon which judgment had not been recovered was not sufficient proof. It does not appear that the accounts were admitted by the debtor to be correct."

It is true this evidence was somewhat cumulative, as defendant himself admitted that he was indebted to the same parties in different amounts, and while under such circumstances the judgment should not be reversed on that ground alone, we pass upon the question in order that the error may not be repeated on another trial of the cause. The judgment is reversed and the cause remanded. GANTT, P. J., and SHERWOOD, J., concur.