SAMUEL I. BUSH, Respondent, v. MISSOURI TOWN MUTUAL INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, June 18, 1900.

1. **Insurance: AUTHORITY TO SOLICIT: AGENT: WAIVER.** An agent who solicits insurance, writing the application, delivering the policy and collecting the premium, has authority to make a waiver or create an estoppel, and even if his authority is limited to the knowledge of the insured, his acts are those of the insurer and bind though exceeding the limitation.

2. ————: **OTHER INSURANCE: THREE-FOURTHS VALUE RIDER: CONSTRUCTION.** A three-fourths value clause attached to a policy of insurance is construed to be a permit for other insurance up to the three-fourths limit.

Appeal from the Harrison Circuit Court.—*Hon. P. C. Stepp,* Judge.

AFFIRMED.

*A. S. Cumming* for appellant.

(1) A mere soliciting agent has no authority to waive or modify any requirements or conditions of an insurance policy, especially where such policy contains an express denial of such authority. Lama v. Ins. Co., 51 Mo. App. 451; Shoup v. Ins. Co., 51 Mo. App. 291; Wolf v. Ins. Co., 75 Mo. App. 337; Embree v. Ins. Co., 62 Mo. App. 134. (2) An agent of a mutual insurance company can not waive any essential condition of insurance as set forth in the by-laws or policy. Baxter v. Ins. Co., 1 Allen 294; Brewer v. Ins. Co., 14 Gray 203; Miller v. Ins. Co., 42 N. J. Eq. 459. (3) Where the limitations upon the authority of an agent are clearly set forth in the written contract entered into between such agent and a third party, such third party is chargeable

with knowledge of such limitations. Nicholas v. Larkin, 79 Mo. 264-272; Sprague v. Ins. Co., 49 Mo. App. 426; Lama v. Ins. Co., 51 Mo. App. 451; Gould v. Ins. Co., 51 N. W. Rep. 455; s. c., 52 N. W. Rep. 754.

*Sallee & Crossan* and *Peery & Lyons* for respondent.

(1) The defendant's agent, George T. Kirk, who solicited the insurance and wrote the application, was fully informed at the time of all the facts upon which defendant now relies,. and assented to them, and with this knowledge delivered the policy and collected the premium. The knowledge of this agent, so acquired, was the knowledge of the defendant, and estopped it from claiming a forfeiture because of those facts. Ostrander on Ins., p. 93; 1 May on Ins., sec. 132; Parsons v. Ins. Co., 132 Mo. loc. cit. 590; Wooldridge v. Ins. Co., 69 Mo. App. loc. cit. 417; Nixon v. Ins. Co., 69 Mo. App. 351; Williams v. Town Mut. Co., 73 Mo. App. 607; Rickey v. Town Mut. Co., 79 Mo. App. 485; Ins. Co. v. Gurney, 76 N. W. Rep. (Neb.) 553. (2) The clause in the policy prohibiting waiver by agents has no reference to the question of estoppel, but is intended to apply to waivers after the issuance of the policy. Nixon v. Ins. Co., 69 Mo. App. 351; Wooldridge v. Ins. Co., 69 Mo. App. 413; Williams v. Ins. Co., 73 Mo. App. 607; Rickey v. Ins. Co., 79 Mo. App. loc. cit. 488; Nickell v. Ins. Co., 144 Mo. 420; James v. Life Ass'n, 148 Mo. 1; Laundry Co. v. Ins. Co., 52 S. W. Rep. 238. (3) If an insurance company, with knowledge of facts constituting a forfeiture of a policy, does not declare such forfeiture, but requires or allows the assured to be put to trouble or expense in making proofs of loss, or examining him under oath as to the loss, or refers him to the conditions of his policy as a binding contract upon either party to it, such conduct constitutes a waiver of the forfeiture. Parsons v. Ins. Co., 132 Mo. loc. cit. 599; McCollum v. Ins.

Co., 61 Mo. App. 352; Bowen v. Ins. Co., 69 Mo. App. 272; Trust Co. v. Ins. Co., 79 Mo. App. 362; Ins. Co. v. Goode, 95 Va. 751; Burnham v. Ins. Co., 75 N. W. Rep. (Mich.) 445; Phoenix Assur. Co. v. Munger Co., 49 S. W. Rep. (Tex.) 271; Ins. Co. v. O'Neal, 38 S. W. Rep. 62; s. c., 14 Tex. Civ. App. 516; Ins. Co. v. Bradford, 55 Pac. Rep. (Kan.) 335; s. c., 60 Kan. 82; Hanscom v. Ins. Co., 90 Me. 333; Ins. Co. v. Phelps, 51 Neb. 623; Kidder v. Indemnity Co., 94 Wis. 538; Kiernan v. Ins. Co., 150 N. Y. 190.

ELLISON, J.—This is an action on a policy of fire insurance. The judgment in the trial court was for plaintiff. Defendant insists on four points for reversal:

First. Plaintiff's failure to keep and produce a cash book. Second. His failure to keep and produce a book showing purchases and sales for cash and credit. Third. Failure to keep such books and his inventories either in an iron safe, or in some place secure from a fire which would destroy the building insured, when it was not open for business. Fourth. Taking out other insurance without the consent of the insurer.

Plaintiff seeks to avoid these points by the contention that defendant's agent had knowledge of the kind and character of books which plaintiff kept and where they were kept. That he knew where the inventory was kept by plaintiff and that he knew that plaintiff did not have an iron safe. That he told plaintiff that the books and inventories he had and the place where he kept them were sufficient and that with this understanding plaintiff paid the premium to defendant's agent and accepted the policy in suit. Many instructions were given on this line of defense. Defendant's instructions were drawn on the theory that if the plaintiff failed to keep the books required by the policy he could not recover, but the court amended them by adding a qualification that

these matters might be waived by the defendant's agent.   If
the evidence in behalf of plaintiff is to be believed, the de-
fendant's agent was fully advised by plaintiff of his mode of
doing business, of the character of his books and how and
where they were kept, and of the fact that he did not keep
an iron safe.    That the agent assented to this and with this
knowledge consummated the insurance.   We are therefore
only left to consider the authority of the agent to waive
these provisions.

The agent solicited the insurance, wrote the application,
delivered the policy and collected the premium.   Such an
agent has authority under the later rulings in this state to
make the waiver, or, as it may be expressed, to create the
estoppel.    Williams v. Ins. Co., 73 Mo. App. 607; Rickey
v. Ins. Co., 79 Mo. App. 485. And it is now held that though
the authority of the agent is limited and knowledge of the
limitation is brought home to the assured yet the acts of the
agent are considered those of the company itself and they
may bind the company though exceeding the limitation.
James v. Ins. Co., 148 Mo. 1; Springfield Steam L. Co. v.
Ins. Co., 151 Mo. 90. These cases overruled Jenkins v. Ins.
Co., 58 Mo. App. 210 and Shoup v. Ins. Co., 51 Mo. App.
287, and like cases.

It is, however, insisted that the provision of the policy
against other insurance was violated by plaintiff and that the
policy was thereby avoided.   But there was a three-fourths
value clause attached to the policy as a "rider" in the fol-
lowing words:   "Three-Fourths Value Clause.   It is a part
of the consideration of this policy, and the basis upon which
the rate of premium is fixed, that in the event of loss, this
company shall not be liable for a greater amount than three-
fourths of the actual cash value of the property covered by
this policy at the time of such loss, and, in case of other in-
surance, whether policies are concurrent or not, then for only

Campbell v. Stanberry.

its *pro rata* proportion of such three-fourths value.     Total insurance permitted is hereby limited to three-fourths of the actual cash value of the property hereby covered and to be concurrent herewith."

We had occasion to consider a clause of like character to this, though expressed in broader language, in Dolan v. Ins. Co., decided at this term, and we there held the clause to be a permit for other insurance up to the three-fourths limit; the clause in this "rider" reading: "Total insurance permitted is hereby limited to three-fourths of the actual cash value of the property hereby covered and to be concurrent herewith," meaning that permission is thereby granted the assured to procure that amount of insurance.     Palatine Ins. Co. v. Ewing, 92 Fed. Rep. 111; Ins. Co. v. Bussell, 48 S. W. Rep. (Tenn.) 703.

The instructions placed the case before the jury in accordance with the rules now prevailing in this state relative to actions on insurance policies.     The judgment will be affirmed.     *Smith, P. J.,* concurs; *Gill, J.,* absent.