JOHN G. SUESS, et ux., Appellants, v. IMPERIAL LIFE
    INSURANCE COMPANY, Respondent.

**Kansas City Court of Appeals, December 3, 1900.**

Life Insurance: PAYMENT OF PREMIUM: COURSE OF BUSINESS:
    WAIVER.  An insurance company, by its course of business, prac-
    tice and conduct with respect to the payment of premiums may waive
    prompt payment thereof, and can not afterwards take advantage of
    what would otherwise be available as a defense on the ground of for-
    feiture; and so where the insured has for a number of years regu-
    larly mailed the premiums on a given date and they were accepted,
    the insurer can not thereafter refuse to accept a premium so mailed
    and forfeit the policy.

Appeal from the Carroll Circuit Court.—*Hon. J. P. Butler,*
                    Judge.

REVERSED AND REMANDED.

    *Hale & Son, McPhetridge* and *Busby* for appellants.

    The only question involved in this case is, whether the
sending of the money order by plaintiffs on the fourteenth
of April, 1892, as shown by the testimony, was a sufficient
compliance with the terms of the policy.   If so, the instruc-
tions asked by the plaintiffs should have been given.   The
other questions involved in this case were determined by this
court in its former opinion.   As to the sufficiency of the no-
tice of the payment we refer the court to the following au-
thorities:    The late case of James v. Reserved Funds, 49
S. W. Rep. 978, and cases there cited; s. c., 148 Mo. 1, which

seem to be directly in point on the main question in this case. Caldwell v. House Co., 61 Mo. App. 4.

*L. C. Krauthoff* and *Virgil Conkling* for respondent.

No brief for respondent.

SMITH, P. J.—This case was here on appeal at the October term, 1895, when the judgment was reversed and the cause remanded. Since then there has been another trial in the circuit court where the judgment was again given ·for the defendant and from which the plaintiffs appealed.

The undisputed facts disclosed by the evidence are that on the fifteenth day of October, 1889, the defendant issued its policy of life insurance on the life of plaintiff, John G. Suess, for the sum of $3,000, for each period of six months from that date during his life for the use and benefit of his wife, Florence A. Suess, payable at his death, in the event she should survive him, and if not, to the legal representatives or assigns of the said John G. Suess.

The plaintiff, at the time of taking out of said policy, paid to defendant, through its agent, the premium for the first six months and, according to the terms of the policy, paid to defendant the premiums falling due for each six months thereafter, down to and including October, 1891. The premiums were due on the fifteenth day of April and October, at 12 o'clock m.

According to the testimony Suess mailed to defendant, on the fourteenth day of each of said months, an express money order or draft at Miami station, in Carroll county, Missouri, on the mail train of the Wabash railroad going east between 10 and 11 o'clock a. m., the amount of said premiums. The remittance in each case was received by

defendant on time, receipt acknowledged and no objection
made.

Afterwards, on the fourteenth day of April, 1892, the
plaintiff mailed to defendant, at the same time of said day
and on the same mail train going east, an express money
order sufficient to pay the premium falling due on the fif-
teenth of April, 1892. The defendant claimed it did not
receive said money order before noon on that day and so
returned it and declared the policy cancelled. And plain-
tiffs thereupon bring this suit to recover the amount of pre-
miums paid and other relief.

Plaintiffs claim that by mailing the remittance as stated,
on the fourteenth of the month on the train going east be-
tween 10 and 11 a. m., and the receipt of each of said
remittances on the fifteenth of the month, no objection being
made to the time or manner of remittance, that a custom had
been established, a custom and course of business between
the parties, and that the mailing by plaintiff of the money
order on the fourteenth of April, at the same time and on the
same mail train, was a sufficient compliance with the policy,
although it may not have been received at Detroit on the fif-
teenth by 12 o'clock noon, as testified to by witness Oliver.
The letter from defendant to plaintiff, which is in evidence
returning the money order was dated on the sixteenth of
April, 1892. The previous letters from defendant—that is,
prior to April, 1892—acknowledging receipt of payment, do
not seem to have been read in evidence, but the answer admits
payment of all premiums down to April, 1892, and claims
default was made on that date, and the policy became void.
It will be seen, therefore, that the only question involved
in this case is, whether the sending of the money order by
plaintiffs on the fourteenth of April, 1892, was a sufficient
compliance with the terms of the policy.

The plaintiffs' second and fourth instructions should have been given instead of refused. The latter, which was in substance the same as the former, declared:

"If the court finds from the evidence that the money order in question was mailed by the plaintiffs on the mail train going east on the Wabash railroad, and what was then known as the 10:30 a. m. train on said railroad, and that, according to the usual course of mails, and said train on said route, said letter would reach Detroit, Mich., on or before 12 o'clock noon on the fifteenth day of April, 1891, then the mailing of said order at that time was a sufficient compliance with the terms of said policy, although said letter may not in fact have reached its destination by 12 o'clock noon on the fifteenth of April; and the finding will be for plaintiffs. If a course of dealing had been established between plaintiffs and defendant in regard to the payment of the premium on said policy the plaintiffs had the right to rely on said course of dealing and custom in the payment of the premium to become due. And if said premium was forwarded in accordance with the course of dealing thus established between the parties, then plaintiffs were not responsible for a delay or failure in the mails as to a letter reaching its destination."

The prompt payment of premiums is for the benefit of the insurer and may be waived or suspended by it or its agent in express terms or by its course of dealing with the insured. Joyce on Ins., sec. 439. And in section 1356 of the work of the author just cited it is stated:

"If an insurance company or its authorized agent by its habits of business or by its acts or declarations or by a custom to receive overdue premiums without objection, or by a custom not to exact prompt payment of the same, or, in brief, by any course of conduct has induced an honest belief in

the mind of the policy-holder, which is reasonably well founded, that strict compliance with a stipulation for punctual payment of premiums will not be insisted upon, but that payment may be delayed without forfeiture resulting therefrom, it may be deemed to have waived the right to claim a forfeiture, or, it will be estopped from enforcing the same, although the policy expressly provides a forfeiture for non-payment of premiums as stipulated and even though it is also conditioned that the agent can not waive forfeitures and even though the policy provides the receiving overdue premiums is merely an act of curtesy.   An insurance company by its course of business, practice and conduct with respect to the payment of premiums, may waive prompt payment thereof and can not afterwards take advantage of what would otherwise be available as a defense on the ground of forfeiture." James v. Ins. Co., 148 Mo. 1; s. c., 49 S. W. Rep. 978, and authorities there cited.

Now applying these rules to the facts of the present case as we have stated them to be and it becomes manifest that the plaintiffs' instructions should have been given; and for the error of the court in refusing the same the judgment should be reversed and cause remanded, which is accordingly so ordered.   All concur.