MARION F. WAGAMAN, Respondent, v. SECURITY MUTUAL LIFE INSURANCE COMPANY, Appellant.

**Kansas City Court of Appeals, December 19, 1904.**

1. **LIFE INSURANCE: Past Due Premiums: Consideration: Estoppel.** Although upon the receipt of past due premiums the assured signed a statement that its acceptance was not a precedent or a waiver, yet where the insured continues to receive such past due premiums through a long course of years, it becomes a course of business between the parties, and the insurer is estopped from taking advantage of the agreement which is so often waived after receiving the benefits thereof, and the question of consideration from the agreement that the acceptance should not be a waiver is immaterial.

2. ———: ———: **Agent's Knowledge.** Though an agent's authority is limited and such limitation is known to the assured, yet the acts of the agent are the acts of the company itself, even though exceeding the limitation, and courts ought not aid insurers in technically avoiding liability after rich harvests of premiums for years.

3. ———: **Policy Stipulation: Agent's Authority.** A stipulation in a policy that the agent only has power to receive premiums does not conclude the inquiry into the extent of his authority, and the test of his authority is what he did in the usual course of the company's business.

Appeal from Carroll Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*Lozier & Morris* for appellant.

(1) The court erred in the admission of evidence. Speer v. Burlingame, 61 Mo. App. 75; Collins v. Todd, 17 Mo. 537; Tucker v. Frederick, 28 Mo. 574. (2) The demurrer to the evidence at the close of plaintiff's case, as also defendant's instruction of a like nature should have been sustained and given, and in their refusal the court erred. (3) The court improperly declared the

law for the plaintiff to defendant's prejudice, and wrongfully refused to declare the law as requested by the defendant and by reason whereof the court, sitting as a jury, was misled. Chenoweth v. Express Co., 93 Mo. App. 185; German v. Gilbert, 83 Mo. App. 411; Bridges v. Stephens, 132 Mo. 543; Hill v. Railroad, 82 Mo. App. 188; Mass v. Green, 41 Mo. 389; Lindell v. Rokes, 60 Mo. 249; Marks v. Bank, 8 Mo. 317; Corbyn v. Brokmeyer, 84 Mo. App. 649. (4) We cite the following authorities as supporting our contention in regard to the doctrine of estoppel in this case: Cornwall v. Ganser, 85 Mo. App. 684; Spence v. Renfro, 179 Mo. 422; Reynolds v. Kroff, 144 Mo. 433; State ex rel. v. Branch, 151 Mo. 639; Taylor v. Zepp, 14 Mo. 482; Newman v. Hook, 37 Mo. 307; 1 Herman on Estoppel and Res Adjudicata, secs. 3, 11, 14; 2 Herman on Estoppel and Res Adjudicata, 576, 577, 777, 786, 779, 800, 805, 825, 1028; Bank v. Ragsdale, 171 Mo. 185; Bank v. Frame, 112 Mo. 514; Lowrance v. Barker, 82 Mo. App. 125; Williams v. Kirk, 68 Mo. App. 461; Schmertz v. Ins. Co., 55 U. S. C. C. A. 104. (4) There is no evidence to sustain the finding of the court, and the court erred in overruling defendant's motion for a new trial, and in rendering judgment for the plaintiff.

*William G. Busby* for respondent.

(1) That R. E. Buchanan was an authorized agent of defendant at Carrollton, Missouri, with power to extend time of premium payments and waive conditions of the policy cannot be disputed. (2) We submit that upon this record, R. E. Buchanan was the *"alter ego* of the company, and what he did was the same as if the company was present acting for itself," and that it was not error to admit evidence of his agreement of April 22, 1903. James v. Life Ass'n, 148 Mo. 11; Laundry Co. v. Ins. Co., 151 Mo. 98; Nickell v. Ins. Co., 144 Mo. 431; Wolf v. Ins. Co., 86 Mo. App. 580; Hamilton

v. Ins. Co., 94 Mo. 367; DeSoto v. Ins Co., 102 Mo. App. 1; Trust Co. v. Ins. Co., 79 Mo. App. 364; Hamilton v. Ins. Co., 35 Mo. App. 267; Edwards v. Thomas, 66 Mo. 482; Thompson v. Ins. Co., 52 Mo. 471; Bush v. Ins. Co., 85 Mo. App. 158; Ins. Co. v. Owens, 81 Mo. App. 201; Van Cleave v. Cas. and S. Co., 82 Mo. App. 683; Chamberlain v. Assurance Co., 80 Mo. App. 590   (3) The reports will be searched in vain for as strong a case of waiver as the one presented by this record. It is overwhelming and conclusive and there is absolutely no escape from it by defendant. There is both waiver by express agreement and waiver by conduct and course of dealing. (4) The evidence not only made out a prima facie case but a complete and conclusive case of waiver by express agreement and absolutely entitles plaintiff to the recovery. McKee v. Ins. Co., 28 Mo. 383; Suess v. Ins. Co., 64 Mo. App. 1; Suess v. Ins. Co., 86 Mo. App. 10; Slater v. Lodge, 76 Mo. App. 387; Dickey v. Life Ass'n, 82 Mo. App. 372; Bishop v. Ins. Co., 85 Mo. App. 302; Ins. Co. v. Eggleston, 96 U. S. 572; L. & A. Co. v. Unsell, 144 U. S. 439; Bacon on Ben. Societies and Life Ins., p. 869. (5) The applications for reinstatement were entirely without consideration, were wholly ineffectual and not binding agreements upon plaintiff, and do not estop plaintiff from claiming waiver by custom and course of dealing. Goodson v. Ass'n, 91 Mo. App. 350; Vining v. Ins. Co., 89 Mo. App. 323; Realty Co. v. Assur. Co., 86 Mo. App. 598; 6 Am. and Eng. Ency. of Law (2 Ed.), 690.

BROADDUS, J.—This suit is to recover premiums paid by plaintiff to defendant for the alleged wrongful cancellation by the latter of his life insurance policy for $1,000, dated January 24, 1891. The policy fee and a premium were paid in advance and by the terms of the policy the sum of $4.35 was to be paid in advance on the 24th day of April, July and October of each year during the life of the policy.

The written application of plaintiff to defendant, upon which said policy was issued, contained this provision: ''Should the applicant fail to pay any dues or premiums on or before the day on which the same shall fall due, or fail to comply with any of the terms of this agreement, or with any of the conditions and agreements contained in the policy (should one be issued) . . . that then, in either event this agreement shall become null and void and all moneys which shall have been paid, shall be forfeited to the said association, for its sole use and benefit.'' Said policy also provided that ''any moneys required to be paid under this policy must be actually paid when due to the association at its home office in Binghamton, New York, otherwise this policy shall be null and void, and all moneys paid hereon shall be forfeited to the said association.'' Said policy further provided ''that all payments on this policy are due at the home office in Binghamton, New York, but at the option of the association, suitable persons may be authorized to receive such payments at other places, but only on the production of the association's receipt therefor, and signed by the secretary or general manager and countersigned by the person to whom the payment is made.'' The defendant appointed R. E. Buchanan as its agent to receive premiums at Carrollton, Missouri, where plaintiff resided.

Plaintiff failed to pay the premium at the time it fell due on April 24, 1903, but he promised to pay it within thirty days thereafter to Buchanan, who agreed to receive it. He paid it within the time so agreed upon to Buchanan, but defendant refused to accept it. It was shown that Buchanan was not only agent to receive premiums on policies and to countersign and receipt for the same, but that he also acted as solicitor of the defendant for insurance. The notice sent to plaintiff informing him when his premiums would become due contained the following language: ''Unless said premium shall be paid on or before said date, the policy

and payments made thereon will become forfeited and void." Plaintiff paid forty-nine premiums, and a policy fee of five dollars, amounting in the aggregate to $218.35, of which number eleven were paid and received after they were due. After each payment of past due premiums, plaintiff was required to and made a written statement that on account of his failure to pay the premium when due the policy became and was null and void, and further as follows: "I also agree that the acceptance of the above premium after the same became due shall not establish a precedent for the acceptance of future payments to said company after they have become due, nor waive or alter or change any of the conditions in the policy or original application."

Plaintiff introduced evidence to the effect that he had an agreement with Buchanan, the agent, that all premiums that he did not pay before or when due he might pay within thirty days thereafter. Nine of the payments made by him after due were to Buchanan. There is ample evidence in the record to show that defendant had knowledge that Buchanan was receiving past due premiums, and that it was the invariable custom of defendant to receive such premiums from plaintiff.

The cause was tried by the court which found for plaintiff, and defendant appealed.

Defendant insists that under the evidence plaintiff was not entitled to recover. Its position as stated is that "the agreement on the part of the plaintiff that the acceptance of a past due premium should not establish a precedent nor waive or alter any of the other conditions of the policy, was founded upon a valuable consideration, and is binding upon plaintiff, and precludes and estops him from now attempting to shun its burdens and repudiate its terms after he has received its benefits and defendant has acted to its injury and detriment on the faith of the agreement." In support of this theory defendant cites numerous cases to show that

Wagaman v. Insurance Co.

the agreement was supported by a sufficient considera-
tion, viz.:    Chenoweth v. Express Co., 93 Mo. App.
185; German v. Gilbert, 83 Mo. App. 411; Bridges v.
Stephens, 132 Mo. 543; Hill v. Railroad, 82 Mo. App.
188; and Lindell v. Rokes, 60 Mo. 249.    But it seems
to us that it is not a question whether there was a suffi-
cient consideration to support the agreement that the
receipt of past due premiums should not afford a pre-
cedent for the future.    Under the terms of the policy
defendant had a right to refuse to accept such past due
premiums and to insist upon a forfeiture.    The effect
of the recital, that the receipt of past due premiums
should not make a precedent for the future, in no wise
affected the contract of insurance.    However, the prac-
tice continued and such past due premiums were re-
ceived through a long course of years until it became
a course of business.    We do not see how it can avail
defendant to urge such recitals when by its course of
dealing to the contrary plaintiff was led to believe that
a forfeiture would not be insisted on.    It is now es-
topped from taking advantage of an agreement which
it so often waived after having reaped the benefits of
such a course.    The defendant's invariable course of
dealing with plaintiff and with other policy-holders
was a waiver of the condition of forfeiture for non-
payment of premiums when due. [Andrus v. Insurance
Ass'n, 168 Mo. 163; James v. Mut. Assn., 148 Mo. 1;
Suess v. Ins. Co., 86 Mo. App. 10.]

Defendant's denial of knowledge of the acts of its
agent is not a good defense.    It has been said that "it
is now held that though the authority of the agent is
limited and knowledge of the limitation is brought
home to the assured, yet the acts of the agent are con-
sidered those of the company itself and they may bind
the company though exceeding the limitation." [Bush
v. Ins. Co., 85 Mo. App. 158.]    This case is much
stronger for, as has been said, the evidence here dis-
closed the fact that defendant had knowledge that its

agent was receiving premiums past due, which constituted a waiver. And it has also been held: "The courts ought not to be asked to indulge presumption of want of authority in such local agent, to aid the insurers in technically avoiding liability after a rich harvest of years of premiums have been garnered and enjoyed." [Nickell v. Ins. Co., 144 Mo. 432.]

The recitation in the policy that the local agent would have authority only to receive premiums did not conclude inquiry of the extent of his authority. He had, as stated, not only authority to receive premiums, but also to solicit insurance. And in the course of his business he agreed with policy-holders to receive premiums after they were due. The test as to the extent of his authority is, what he did in the usual course of the company's business. Measured by this rule, it is clear that he was clothed with power to receive premiums past due, and thus waive the forfeiture for delayed payments. In James v. Life Assn., 148 Mo. 1, where the agent had authority to collect and receipt for payments of premiums, it was held that defendant might waive a forfeiture for non-payment when due, notwithstanding the condition of the policy that no such waiver should be valid unless reduced to writing and signed by the president or vice-president and one other officer of the association.

All plaintiff's declarations of law are in harmony with this opinion, and those asked by defendant and refused by the court contain a different theory, therefore, they were properly refused.

For the reasons given the cause is affirmed. All concur.