BY THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

## OCTOBER TERM, 1906.

HANNAH J. COURTNEY, Administratrix, Respondent, v. FIDELITY MUTUAL AID · ASSOCIATION, Appellant.

**Kansas City Court of Appeals, April 2, and October 1, 1906.**

1. **SICK INSURANCE: Principal and Agent: Payment: Waiver.**
A requirement in a policy that all payments must be made to the company and not to its local agents may be waived by its course of business; and knowledge of the limitation will not prevent the acts of the agent in excess thereof, binding the company.

2. ———: ———: ———: **Credit.** A credit out of the indemnity is held in strict accordance with the terms of the policy.

3. ———: **Policy: By-Laws: Construction.** It is held that the obvious intent of certain by-laws relating to the amount of indemnity and its payment were to qualify the terms of the policy in the event the insured died before he received the indemnity on account of sickness, and to provide for the funeral benefit.

4. ———: ———: ———: ———: **Statute.** When the policy and the by-laws are in conflict the by-laws govern, since the corporation cannot contract in violation of its by-laws; but where the company in accordance with the provisions of section 7901, Revised Statutes 1899, comes under the provisions of section 7903, and the policy fixes the liability at a given sum, the policy and not the by-laws governs.

(110)

5. ——: ——: ——: ——: ——: **Evidence.** A by-law providing that a disability indemnity should not be paid for a greater time than ten weeks is held not in conflict with the statute nor with the policy and is not an unreasonable regulation and is properly admitted in evidence.

6. ——: **Funeral Benefit: Indemnity: Two Actions.** An action for indemnity may not be barred by the pendency of another action for funeral benefits, since the plaintiff has the right to prosecute the one or dismiss the other as it may be elected.

7. ——: **Disease: By-Laws.** A by-law excepted bronchitis from its indemnity. The evidence showed the deceased suffered from bronchitis and catarrh of the stomach and duodenum. *Held*, the duty of showing that the disability resulted from bronchitis and not from the other two diseases was on the defendant.

### On Motion for Rehearing.

8. ——: **Policy: By-Laws: Construction.** A by-law requiring proof of the ten weeks' disability within thirty days is held to mean that if the member fails to furnish the proof within thirty days he will not be entitled to the ten weeks' indemnity; and that the provisions for the examination by the insurer's medical advisor was for its protection merely; and that on no reasonable construction is there room for the contention that the policy provides an indemnity for sickness for a longer time than ten weeks.

Appeal from Bates Circuit Court.—*Hon. W. W. Graves,* Judge.

REVERSED AND REMANDED.

*Francisco & Clark* and *Bruce Barnett* for appellant.

(1) The allegation that J. C. Courtney complied with all the conditions of the policy up to and after he became ill and confined to his bed amounts to and in effect is an admission and allegation that during the illness and after the commencement thereof, he failed to comply with some requirement of the policy. *Expressio unius est exclusio alterius.* (2) The payment to Snyder was not a payment to the association. Upton v.

Jameson, 67 Mo. 234. (3) The court erred in rendering judgment against the appellant for the reason that under the plain and unmistakable terms of the by-laws, appellant was not liable for any benefits or indemnity in this case. (4) The provisions of the by-laws are binding upon the respondent, because the policy makes them a part of the contract, and provides that the association shall only be liable according to the provisions thereof. McDonald v. Life Association, 154 Mo. 618; Boward v. Bankers' Union, 94 Mo. App. 442.

*Dooley & Smith* for respondents.

(1) Appellant's objection to the introduction of any evidence was properly overruled by the court. Murphy v. Ins. Co., 70 Mo. App. 78. (2) The question as to whether Snyder was the authorized agent of appellant to accept the payment of premiums, was submitted to the court sitting as a jury and the finding of the court on that point will not be disturbed when supported by such overwhelming evidence. McMahon v. Maccabees, 151 Mo. 522; Purdy v. Bankers L. Assn., 101 Mo. 107; Thompson v. Ins. Co., 169 Mo. 12. (3) Respondents contend that under the charter and by-laws the appellant is an insurance company either on an assessment or a fixed premium plan and the liability set out in the policy, of forty dollars a month without limitation or qualification, is governed by the provisions of our statute, and cannot be changed by the by-laws. R. S. 1899, secs. 7901-7903-7913-7923; Logan v. Fidelity and Cas. Co., 146 Mo. 120; Toomy v. K. of P., 147 Mo. 136; McFarland v. Accident Assn., 124 Mo. 220; Goodson v. Accident Assn., 91 Mo. App. 339; Hoffman v. Accident Ind. Co., 56 Mo. App. 301. (4) The clause confiscating the indemnity of the assured if he dies before suit, was found by the court to be against the law, unreasonable and oppressive. Appellant had no authority in its char-

ter or by statute to pass such a by-law. Purdy v. Life Assn., 101 Mo. App. 91; McMahon v. Maccabees, 151 Mo. 522.

BROADDUS, P. J.—The plaintiff sues as administratrix on a policy issued to her husband, J. C. Courtney, deceased. The policy contains an indemnity against sickness, wherein it is provided that, a member, "After continuous membership for the six months next prior to commencement of illness, while he is ill and confined to his bed, he will be entitled to benefits at the rate of forty dollars per month." The deceased was taken sick on the 27th day of September, 1902, and was confined to his bed by such sickness for a period of twelve months, when he died. It was admitted that deceased had paid all his dues or premiums to the defendant up to the 25th day of September, two days before he was taken sick, but it is denied that he paid any further dues thereafter. The dues were payable in advance. It is admitted that it was the duty of the deceased to pay his premiums on the said 25th day of September, for the non-payment of which the defendant cancelled the policy. But plaintiff insists that she paid said dues to one W. S. Snyder, who represented himself as the agent of defendant. Defendant admits that if such payment shall be held to be legal, then all dues were paid on the policy up to the 25th day of October, 1902. Plaintiff contends, however, that by the terms and conditions of said policy it is provided that, in consideration of the issuance of the same, and the member being permitted to pay for the same in installments, the association will retain from the indemnities the unpaid portion of the annual dues.

The cause was tried before the court sitting as a jury. The finding was for the plaintiff for twelve months sickness at forty dollars per month with interest, less eleven months' dues. No instructions were

asked or given for either party; consequently, we are at a loss to know what the court decided upon the numerous points raised during the trial.

We think it was sufficiently shown that the plaintiff was justified in the payment of said dues to Snyder, the alleged agent of defendant. At least a dozen witnesses testified that Snyder, as agent of defendant, received premiums from them. And it was further shown that Courtney at a former time had a loss under the policy in suit and that Snyder adjusted the loss and paid the indemnity. Under its course of conduct, defendant is estopped from denying Snyder's agency to receive payment of premiums. A condition in a policy of insurance that all payments must be made to the company and not to its local agents may be waived by its course of conduct. [Thompson v. Ins. Co., 169 Mo. 12; Wagaman v. Ins. Co., 110 Mo. App. 616; Nickell v. Ins. Co., 144 Mo. 432; Andrus v. Ins. Co., 168 Mo. 163; James v. Life Assn., 148 Mo. 1; Suess v. Ins. Co., 86 Mo. App. 10.] And: "It is now held that though the authority of the agent is limited and knowledge of the limitation is brought home to the assured, yet the acts of the agent are considered those of the company itself and they may bind the company though exceeding the limitation." [Bush v. Ins. Co., 85 Mo. App. 158.]

As the dues were paid after the deceased had been sick for one month, at which time he was entitled to indemnity in the sum of forty dollars, the court gave credit to defendant out of said sum against plaintiff's demand the sum of $16.50, which was equal to the amount of all dues unpaid at the time of Courtney's death. This was strictly in accord with the terms of the policy.

The defendant is an organization with power: "To issue contracts of life, life and health and accident, health, accident and endowment, or health and accident,

or health, accident and endowment, or accident and endowment, or accident, and to fix annual dues or premiums on the same." As a consequence of the multifarious character of the corporation, it adopted certain by-laws for the purpose of governing the different phases of insurance, in which it was engaged. To construe these by-laws, which are apparently, if not really, in conflict with one another, and also with the contract of insurance, is somewhat a difficult undertaking.

Under the terms of the policy, as has been said, the deceased while sick in bed was entitled to benefits at the rate of forty dollars per month. All the by-laws were made a part of the policy. One of these reads as follows: "Indemnity for loss of limb or sight, or for time lost, shall only be paid to the member himself, and, in case of his death before its payment, all such indemnity due the member shall revert to the association, and the only liability of the association to his beneficiary shall be for the funeral benefits, which in no case shall exceed one hundred dollars." And further: "In no event shall the association be liable for both weekly indemnity and funeral benefits where death ensued as the result of an accidental injury or of an illness." The obvious intent of the by-law was to qualify the terms of the policy in the event the insured died before he received payment of indemnity on account of sickness, and to provide that the indemnity should be applied to funeral benefits.

And the policy further provides: "After continuous membership for twelve months next prior to death, funeral expenses will be defrayed in a sum not exceeding one hundred dollars." But the by-laws provide that, notwithstanding the assured has paid all his assessments, the beneficiary is not entitled to the benefit of funeral expenses if he has been paid the indemnity and vice versa. In Boward v. Bankers' Union, 94 Mo. App. 442, and Goodson v. Nat. Masonic Accident Assn., 91

Mo. App. 339, it is held that, where the policy and the
by-laws are in conflict, the latter will govern, for the
reason that the corporation will not be permitted to
contract in violation of its by-laws.

But in the latter case it was also held that notwith-
standing the rule, it had no application where the policy
specified the amount of the indemnity as provided by
section 7903, Revised Statutes 1899.  The statute reads:
"Every policy or certificate hereafter issued by any cor-
poration of this State doing business in conformity with
the provisions of this article, and promising a payment
to be made upon a contingency of death, sickness, dis-
ability or accident, shall specify the exact sum of money
which it promises to pay upon such contingency insured
against, and . . . the corporation shall be obli-
gated to the beneficiary for such payment at the time
and to the amount specified in the policy or certificate."
Section 7901, *idem*, places foreign insurance companies
(of which defendant is one) doing business in this
State of the same character, under the provisions of said
section 7903.  By the terms of the policy the assured's
liability was not limited to fixed premiums.  Conse-
quently, it is governed by said section 7903, which reg-
ulates insurance on the assessment plan.  The section
requires that the indemnity shall be for a fixed sum.
And as the amount of such indemnity was fixed by the
recitations of the policy at forty dollars per month, such
recitation and not the by-laws govern.

The by-laws further provide that:  "Where the dis-
ability is the result of sickness, indemnity shall not be
paid for a greater period of time than ten weeks."  It is
defendant's contention, under the provisions of the by-
laws, that it is only liable, if at all, for ten weeks in-
demnity.  The plaintiff objected to the introduction of
said by-law, because it was contrary to the terms of the
policy, to the terms of the statute, and because it was
unreasonable and oppressive.  This by-law is not, how-

ever, subject to any of said objections. The provisions in the policy that the assured shall be entitled to an indemnity at the rate of forty dollars a month during his illness, although fixing the amount of indemnity for each month, does not prescribe indemnity for any definite length of time. The by-law in that respect is not in conflict with the statute in question, nor with the policy. It may be read in connection with the latter. It was competent for the parties to place such a limitation upon the number of weeks' sickness at any one time for which indemnity would be provided. And it was not an unreasonable regulation, otherwise the company might encounter subjects whose sickness would last for many years continuously, the effect of which would be to impose burdens upon the other members of the association not contemplated by their contracts of insurance.

It was admitted on the trial that the plaintiff had a suit pending against the defendant for funeral expenses. There is no such defense relied on in defendant's answer. We presume that the court held that it was not a matter in issue. However that may have been, it was no defense to plaintiff's cause of action. If the plaintiff is only entitled to recover in this action, it is no defense to say that she has another suit pending for a different cause of action. If she is entitled to recover only on one of such causes of action, a judgment on one would preclude her from recovering on the other. She has the right to prosecute one and dismiss the other. In other words, she has her election.

The by-laws exempt defendant from liability in certain instances, among which, where the debility is caused by bronchitis. The evidence showed that the assured suffered from "senile bronchitis and catarrhal condition of the stomach and duodenum." The defendant insists that as the assured was sick from bronchitis it is not liable. The question goes to the whole case.

Bronchitis, which is a disease of the bronchial tubes, is distinct from that of diseases of the stomach and duodenum. And the two latter are not included in said exemptions. The evidence on the question is contained entirely in the certificate of a physician. And it is to the effect that the sickness is so severe as to confine the assured to his bed, and specifies, as stated, the nature of his diseases. The provision of said by-laws is set up as a defense and the burden of proof was upon the defendant to maintain the allegations of his answer as to that question. There was no effort made to show which one of the diseases operated to confine the sick man to his bed. It might have been that it was bronchitis alone that had that effect, or that it resulted from the diseased condition of his stomach and intestine, or it might have been the combined result of all the afflictions. The duty of showing that it was the former rested on the defendant, and having failed in that respect its defense was not made good.

The objection to the sufficiency of the petition is not well taken.

The plaintiff was only entitled to judgment for ten weeks' indemnity. It was therefore error for the court to render judgment for twelve months' indemnity, for which reason the cause is reversed and remanded. All concur.

### ON MOTION FOR REHEARING.

BROADDUS, P. J.—The plaintiff insists that the opinion herein leaves out of consideration article 9 of defendant's by-laws, which, if properly construed, provided indemnity for sickness of its insured members for any length of time, however great. No particular reference was made to said section, because it was not thought to affect the question.

That part of said article thought to be pertinent and governing reads as follows: "In case the disability

is prolonged beyond the period for which benefits are paid, then such proof must be furnished within thirty days from expiration of ten weeks from the beginning of illness, when the disability is the result of sickness." . . . "Any medical advisor or authorized representative of the association shall have the right to examine the person of the member and question the member, which questions may be reduced to writing and shall be sworn to, if so required in respect to any claim. When and so often as is required, in behalf of the association, and unless timely and due notice has been given whereby such examination can be made, no liability shall attach to the association for such disability; and a refusal to permit any such examination or examinations as required by the association or to answer any questions propounded, will invalidate such claims and release the association from all liability."

To us it seems plain that the province of article 9, of the by-laws was to afford the association the means of protecting itself against claims for feigned sickness of its members and does not in the least have any reference to any additional length of time of sickness for which indemnity will be furnished. It means just what it says that, if "the disability is prolonged beyond the period for which indemnity is paid, then such proof must be furnished within thirty days from the expiration of the ten weeks from the beginning of the illness, when the disability is the result of the sickness." That is, if the member fails to furnish proper proof within the thirty days mentioned, he will not be entitled to the ten weeks' indemnity.

And the further provision for an examination of the member by the medical advisor of the association at any time was to afford the association evidence of the condition of the member so that the agents of the corporation might be able to determine whether his claim for indemnity was bona fide. Otherwise the claim would in

a measure depend upon such evidence as would be furnished by the claimant alone. By no sort of reasonable construction can it be contended that an indemnity for sickness for a greater length of time than ten weeks is provided for. Had it not been for the persistence of the plaintiff we would have deemed this additional explanation of the original opinion in the case unnecessary.

Motion for rehearing overruled.